**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

JUN 1 5 2012

★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

THOMAS KONTOGIANNIS,

              PLAINTIFF :

V. :

NORMAN GOODMAN,
Individually and in His
Official Capacity as
County Clerk and Clerk
of the Supreme Court of
the State of New York

           DEFENDANT :

No._____

SECTION 1983 CIVIL RIGHTS
INJUCTIVE RELIEF REQUESTED

**CV-12 3010**

HON._____

JURY TRIAL DEMANDED

VITALIANO, J.

LEVY, M.

VERIFIED
COMPLAINT WITH JURY DEMAND

COMES NOW, THOMAS KONTOGIANNIS, Plaintiff above, Pro Se, and for his cause, states as follows:

### Introduction

Plaintiff brings this action pursuant to 42 U.S.C. Section 1983, alleging deprivation of property without due process as well as denial of access to the courts under the Privileges and Immunities Clause of Article IV of the Constitution, the First Amendment Petition Clause, the Seventh Amendment's right to trial by jury, and the Fourteenth Amendment Equal Protection and Due Process Clauses.

### Summary of Uncontested Facts

In brief, the facts are indisputable. Plaintiff is a federal prisoner without access to the internet and, hence, without the ability to "e-file." Despite Plaintiff's making the Defendant Clerk Norman Goodman aware of this

fact, on multiple occasions, in writing, the said Defendant refuses to accept or docket Plaintiff's paper filings in a case in which Plaintiff is a named defendant (because of the Defendant Clerk's enforcement of his "e-filing rules."). Defendant's clear deprivation of Plaintiff's well established constitutional right to access the courts, under color of state law, has caused, and continues to cause, immediate irreparable harm to Plaintiff in the form of an improvident and improper entry of a non-appealable default judgment in the amount of $66,080,930.84 and, on-going collateral damage as the result of liens, collection efforts, business interruptions and the like, as well as the denial of affirmative relief to Plaintiff whose claims in the underlying case exceed $4,000,000.00.

## Summary of Relief Requested

Plaintiff seeks compensatory and exemplary damages against Defendant Clerk Norman Goodman in his personal capacity and, declaratory and injunctive relief, including preliminary and permanent injunctions, against the said defendant in his official capacity as County Clerk and Clerk of the Supreme Court of New York County.

## Jurisdiction

1.     Original jurisdiction over the Plaintiff's claims of federal constitutional rights lies in the within court pursuant to 28 U.S.C. §1331 and 1343(a)(3) and (4).

## Parties

2.     Plaintiff, Thomas Kontogiannis, is an adult individual and a federal prisoner who, at all relevant times was, and remains, an incarcerated prisoner at Federal Medical Center, Devens, P.O. Box 879, Ayer, Massachusetts

01432.

3.    Defendant Norman Goodman is an adult individual who, upon information and belief, resides in New York, New York, and at all relevant times served, and continues to serve, in the official capacity as the County Clerk and Clerk of the Supreme Court of New York State, New York, New York located in the New York County Courthouse, 60 Centre Street, New York, New York 10007; and all his actions and/or the actions of subordinates over which he exercises supervisory authority, are under color of state law.

## Background

### The Underlying Unconstitutional Judgment

4.    Plaintiff was named a defendant in the case styled DLJ Mortgage Capital, Inc. against Thomas Kontogiannis, et. al., 726 F. Supp. 2d 225; 2010 U.S. Dist. LEXIS 74427 (E.D.N.Y. 2010). ("DLJ I"). 08 - CV - 4607 (ENV)

5.    Said case was dismissed by Order of the Honorable Eric N. Vitaliano on July 23, 2010.

6.    The plaintiff in that case, DLJ I, was expressly permitted to replead the dismissed pendant claims in any appropriate state forum.

7.    On or about April 9, 2010, more than three months prior to the aforesaid dismissal dated July 23, 2010, and, without permission of Judge Vitaliano, DLJ's counsel filed in the New York County Supreme Court a state action duplicating the pending federal action, DLJ Mortgage Capital, Inc. Thomas Kontogiannis et. al., Index No. 104675/2010 ("DLJ II").

- 3 -

8.     The docket shows that the Summons and Complaint in this case was electronically filed or, converted from hard copy (paper filing) to an electronic filing, on or about July 22, 2010 (still a day prior to Judge Vitaliano's Order of July 23, 2010).

9.     The receipt, actual physical filing and docket entering, was performed either by Defendant Clerk Norman Goodman or, more likely, by those over whom he exercises supervisory authority.

10.    Defendant Clerk Norman Goodman is also an official "who speak(s) final policymaking authority for" the office of the County Clerk and Clerk of the Supreme Court of New York State.

11.    Plaintiff Kontogiannis has never been served with the aforesaid Summons and/or Complaint in DLJ II, as required by law, due process, and the Civil Practice Law and Rules of New York ("CPLR"), Sections 308, 2103, 3012, et seq.

12.    In addition to the Summons and Complaint, or any other pleadings denoted under CPLR subsection 3011, DLJ's counsel, John P. Amato, also failed to serve multiple other filed documents upon Plaintiff Kontogiannis, in violation of his due process and other federal constitutional rights and, CPLR 2103, et seq.

13.    Significantly, DLJ's counsel Amato was aware of where and how to serve Plaintiff with the state action, DLJ II, because Amato had previously served Plaintiff with the federal action, DLJ I, at Federal Medical Center, Devens where he remains incarcerated. Nonetheless, DLJ's same counsel, John Amato,

- 4 -

made no effort to serve Plaintiff in DLJ II.

14.    In the first week of May, 2011, through family members, Plaintiff became aware of the existence of "DLJ II", in which, like the federal case which was dismissed, he was again the major defendant. Plaintiff immediately wrote to Judge Charles A. Ramos, to whom the case was reportedly assigned. A copy of said correspondence, dated May 11, 2011, which was also copied to all parties or their counsel, has been marked "Exhibit A", is attached hereto and, is incorporated herein as if fully set forth.

15.    The gravaman of said correspondence was to alert Judge Ramos, DLJ's attorney, John Amato and other parties, to the fact that Plaintiff had not been served with the action, that he wanted to be served so he could defend, and, advising each where and how he could receive service as a federal prisoner.

16.    Plaintiff never received a response from Judge Ramos or attorney Amato. Instead, on May 16, 2011, Plaintiff quite serendipitously, received a copy of a letter from attorney Amato to Judge Ramos dated May 9, 2011, on which Plaintiff was not copied. The letter was a portend of attorney Amato's attempt to default Plaintiff without ever having served him.

17.    Plaintiff immediately wrote Judge Charles Ramos again, with copies to attorney Amato and all other parties and attornies. That letter dated May 16, 2011 is marked "Exhibit B", is attached hereto and, is incorporated herein as if fully set forth.

18.    That letter reiterates Plaintiff's non-receipt of the Complaint or

- 5 -

any Motions in DLJ II and Plaintiff's desire to avoid any attempt by Amato to enter a default judgment.

19. Again, Plaintiff received no response to said correspondence.

20. Instead, on or about August 16, 2011, notwithstanding never having served Plaintiff Kontogiannis with the Summons and/or Complaint, attorney John P. Amato, on behalf of plaintiff DLJ (in DLJ II), entered a default judgment against Plaintiff Kontogiannis (defendant in DLJ II) in the amount of $66,080,930.84. Attorney Amato was also aware of Plaintiff's desire to defend against his client's claim, the unfounded nature of the debt which had actually been satisfied, and Plaintiff's desire to file a counterclaim.

21. Immediately following the improper taking of judgment against Plaintiff Kontogiannis, and unbeknownst to him, DLJ's counsel, Amato, began collection efforts which liened and froze assets based upon the improper default judgment and, caused mortgages to go into default, the conversion of business working capital, and other irreparable harms.

## The Clerk's Unconstitutional Refusal to
## Provide Plaintiff Access to the Courts

22. Plaintiff became aware of the referenced judgment being improvidently taken against him sometime just prior to November 15, 2011, when he then filed "Defendant Thomas Kontogiannis' Motion to Strike Or Open Improvidently Entered Judgment" ("Motion to Open/Strike"); an Affirmation in Support of Motion; A Proposed Order; A Certificate of Service and an Exhibit of Facts, with Defendant Clerk Goodman. A copy of said filings have been cumulatively marked as "Exhibit C", which is attached hereto and, is

- 6 -

incorporated herein as if fully set forth. In addition, Plaintiff enclosed a postage pre-paid envelope with sufficient First Class postage attached and, requested that the Clerk please return a time stamped copy of Plaintiff's filings to the Plaintiff.

23.    The Plaintiff's Motion to Open/Strike not only raises a meritorious defense against the improvident $66,080,930.84 default judgment taken against Plaintiff but, the documentation attached demonstrates that Plaintiff actually <u>overpaid</u> to DLJ's agent, Coastal Capital Corporation, to the sum of $3,985,199, plus interest. Accordingly, Plaintiff owes DLJ nothing on its judgment and, when permitted, Plaintiff can demonstrate through certified wire transfers that DLJ is liable to Plaintiff on a counterclaim for a sum in excess of Four Million Dollars.

24.    Plaintiff's Motion to Open/Strike conformed in all ways to the Civil Practice Law and Rules of New York including the Rules regarding paper size, verification and service.

25.    Significantly, CPLR "Rule 2101 - Form of <u>Papers</u>" (emphasis added) provides for the service of <u>papers</u> and copies of <u>papers</u> for "each <u>paper</u> served or filed," under Article 21 "<u>Papers</u>". (Emphasis added).

26.    Furthermore, CPLR "Rule 2102 - Filing of <u>Papers</u>" (emphasis added) states in pertinent part that: "Except where otherwise prescribed by law or order of court, <u>papers</u> required to be filed shall be filed with the <u>clerk of the court</u> in which the action is triable." (Emphasis added).

27.    It is also important to note that very Motion to Strike/Open which

Plaintiff forwarded to the Defendant Clerk for filing is specifically provided for in CPLR Subsection 317, which renders the judgment vacatable if Plaintiff's Motion was provided for filing within one year of the date of judgment, which it clearly was.

### The Defendant Clerk Goodman Refuses to File Any of Plaintiff's Motions or Pleadings, Denying Plaintiff Any Access to the Courts of New York

28. As is more fully explained below, Defendant Clerk Goodman has refused, and continues to refuse, to accept the Plaintiff's filings because they are not "E-filed."

29. Plaintiff received no response to his Motion to Open/Strike. Accordingly, Plaintiff sought a copy of the docket to see when his Motion to Open/Strike was filed by the Defendant Clerk Goodman. Plaintiff discovered that his Motion to Open/Strike was not docketed, nor were any of the documents which properly accompanied it.

30. Plaintiff then began the efforts to advise the Defendant Clerk Goodman that Plaintiff's court documents were not being filed by him or his office. These efforts, including the few responses received, are as follows:

(a). On or about December 20, 2011, Plaintiff sent a letter to the Defendant Clerk via certified mail (cert #7009 2250 0003 1263 2811) inquiring into why the Plaintiff had not received a response from the Clerk or a time stamped copy of his November 15, 2011 filing of the Motion to Strike and accompanying papers. See: "Exhibit D".

(b). Again, on or about February 1, 2012, Plaintiff sent a letter to the Court Clerk via certified mail (cert #7004 1160 0006 6940 6192)

complaining about Plaintiff not receiving a response to his November 15, 2011 filing of his Motion and accompanying papers and further complaining about the lack of response to Plaintiff's December 20, 2011 inquiry into the status of his November 15, 2011 filing; and, again, enclosing copies of each. See: "Exhibit E".

(c). On or about February 1, 2012, Plaintiff sent a letter to Judge Charles Ramos via certified mail (cert #7004 1160 0006 6940 6185) expressing Plaintiff's dissatisfaction with the Judge's and Court Clerk's failure to respond to the numerous letters and filings sent to them. See: "Exhibit F".

(d). On or about January 30, 2012, Plaintiff received a response to his December 20, 2011 letter. Enclosed with the response was a Civil Index Minute Book Inquiry (Dated 1/25/12) and an incomplete document list containing only 17 of 51 pages. There was not a cover letter included with the enclosed documents. See: "Exhibit G".

(e). Again, on or about February 7, 2012, Plaintiff sent a letter to the Clerk of the Court via certified mail (cert #7004 2890 0000 4108 9501) expressing Plaintiff's dissatisfaction with the Clerk's January 30, 2012 response to Plaintiff's December 20, 2011 letter. Plaintiff's letter expressly complains about inter alia:

- Missing 34 pages from the docket sheet which reflect filings made after November 15, 2010 and evidences approximately 15½ months of missing filings;

- The fact that numerous documents that were filed in the State Court action had not been served upon the Plaintiff; and, most importantly,

- The fact that Plaintiff's documents were not being filed or docketed and the fact that Plaintiff had not received time stamped copies of his filings despite the fact that he provided the Clerk with self-addressed postage pre-paid, enveloped for the Clerk's reply. See: "Exhibit H".

On or about April (2) 2012, Plaintiff sent a letter via certified mail (cert #7008 0500 0000 7735 4774) to the E-filing department of the Supreme Court of the State of New York and explained to the Clerk, inter alia, that Plaintiff is an inmate that has no possible access to the internet, much less E-filing. Thereafter, Plaintiff requested that the written document that were sent via the U.S. mail to the Clerk of the Court for filing must be filed with the effective date appearing thereon. Plaintiff further explained that he has a Constitutional right to access the Court and that by requiring the Plaintiff to E-file his documents, the Clerk is, in fact, denying his access to the Court and Equal Protection of the law; and depriving him of due process as guaranteed by the Fifth and Fourteenth Amendments. Enclosed with this letter, Plaintiff included copies of all his letters and documents previously sent to Judge Charles Ramos and the Defendant Clerk of the Court on: May 16, 2011, November 15, 2011, December 20, 2011, (2) February 1, 2012, February 7, 2012, and April 2, 2012. See: "Exhibit K".

(f). On or about March 30, 2012, Plaintiff received a hand written note from the Clerk of the Court indicating that he/she "cannot control when the mail leaves the building." The Clerk then referred Plaintiff to the "Trial Support" Unit for answers to his service and E-filing questions and further indicated that he/she cannot explain why he wasn't listed as a defendant on the civil index inquiry. Enclosed with the letter was a civil index Minute Book inquiry (dated 2/28/12), document list (dated 2/28/12) showing all filings from 7/22/10 to 2/28/12 and two generic form letters (one explaining that all documents must be E-filed) and the second (explaining the 6 to 8 week process for requesting, paying for and receiving limited copies of documents which have been filed). See: "Exhibit I".

(g). On or about April 3, 2012, Plaintiff sent a letter to the New York Court Clerk Trial Support Unit, as directed to do by the hand

written response Plaintiff received from the Clerk of the Court, asking for, inter alia, answers as to why Plaintiff is not listed as a defendant in the State Court proceeding and why he has never received any of the documents filed in that case. See: "Exhibit J".

(h). On or about May 9, 2012, Plaintiff's April 2, 2012 letter and all attached documents were returned to him with a generic form letter on Defendant Clerk Goodman's official letterhead stating, in pertinent part, as follows:

DEAR SIR OR MADAM,

THIS CASE HAS BEEN ELECTRONICALLY FILED, THEREFORE WE ARE UNABLE TO FILE YOUR DOCUMENTS EITHER BY MAIL OR IN PERSON. WE ALSO DO NOT ACCEPT COURTESY/HARD COPIES.

PER-FILING RULES, ALL DOCUMENTS IN AN E-FILED CASE MUST BE UPLOADED TO THE FILING SYSTEM...

See: "Exhibit L".

31. Plaintiff posting by certified mail of the documents referred to above is evidenced by copies of P.S. Forms 3811, which are attached. Defendant Clerk Goodman's actual receipt of the documents sent certified mail by Plaintiff evidenced by copies of U.S. Postal Service Certified Mail Receipts which are attached. Defendant Clerk Goodman's rejection and return of Plaintiff's filings are evidenced by copies of his postmarked mailing envelopes, which are attached. All the attached items have been cumulatively marked as "Exhibit M" and, are incorporated herein by reference as if set forth here, et extenso.

32. To the date of this filing, and knowing full well that he was unconstitutionally denying Plaintiff access to the Court because Plaintiff does not have access to e-filing, the Defendant Clerk Goodman, continues to refuse to accept for filing any of Plaintiff's legal documents, motions or pleadings.

- 11 -

33.   Such refusal deprives, and continues to deprive, Plaintiff of his constitutional rights and, presents a grave question and, the injury to Plaintiff, in the absence of injunctive relief requested herein, will be certain and irreparable.

## Prison Litigation Reform Act

34.   The action is not governed by the Prison Litigation Reform Act, 42 U.S.C. §1997, in as much as no administrative remedies are available through the Bureau of Prisons which could provide the Plaintiff with the relief sought.   (See, **Abney v. McGinnis**, 380 F. 3d 663, 667 (2nd Cir. 2004)).

## First Claim
## Civil Rights Violations - 42 U.S.C. §1983

35.   Plaintiff hereby incorporates the preceding paragraphs as if same were set forth here, et extenso.

36.   In fact, the right of access to courts is a clearly established, fundamental constitutional right since at least 1886 of which defendant would reasonably be aware, especially as he is fundamentally a gatekeeper of those rights in his role as Court Clerk.  As the United States Supreme Court said in **McCarthy v. Madigan**, 503 U.S. 140, 153, 112 S. Ct. 1081 (1992) (quoting **Yick Wo v. Hopkins**, 118 U.S. 356, 370 (1886):

> "Because a prisoner ordinarily is divested of the privilege
> to vote, the right to file a court action might be said
> to be his remaining most 'fundamental political right,
> because preservative of all rights."

37.   More than three decades ago, the United States Supreme Court reiterated that it's ruling had clearly established that "prisoners have a constitutional right of access to the courts." **Bounds v. Smith**, 430 U.S.

817, 821 (1977).

38.   Not only must states refrain from obstructing prisoners' court filings but ever since **Bounds**, the Supreme Court has held that States must actually "shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Id at 824.

39.   It is equally well-established that, when a state law or rule preempts a constitutional right, and that law or rule is challenged in a civil action, Federal District Courts shall have original jurisdiction. 28 U.S.C. §1331.

40.   It is not subject to dispute that, in the case sub judice, the Defendant Clerk has refused to file or docket any and all legal documents which Plaintiff has forwarded to him by U.S. Mail for filing.

41.   It is equally beyond contention that the Defendant Clerk clearly articulated, in writing, that his refusal to file any of the Plaintiff's legal documents is based upon established "E-filing rules" which render Plaintiff "unable to file documents either by mail or in person." (See, Exhibit M").

42.   It is equally undisputed that as a federal prisoner, Plaintiff does not have the ability to "E-file", and he has so advised the Defendant Clerk, to no avail.

43.   The Defendant Clerk Goodman is a state actor who speaks with final policymaking authority for the Office of the County Clerk and of the

- 13 -

Supreme Court of the State of New
York, New York.

44.    The Defendant Clerk Goodman, under color of state law,
intentionally deprived Plaintiff of his constitutional rights under the
Article IV Privileges and Immunities Clause, the First Amendment Petition
Clause and the Fourteenth Amendment Equal Protection and Due Process
Clauses, all of which the United States Supreme Court has found, ground the
right of access to the courts. **Christopher v. Harbury**, 536 U.S. 403, 122 S.
Ct. 2179, N. 12 (2002).

45.    The directive issued by Defendant Clerk Goodman, or under his
authority, and/or the "E-filing rules" referenced therein, which prohibit
the only means of filing court documents available to Plaintiff and, all
other prisoners similarly situated, "may fairly be, said to represent
official policy," **Monell v. Dept. of Soc. Servs.**, 436 U.S. 658, 694, 98 S.
Ct. 2018 (1978), and caused the injury of which Plaintiff complains.

46.    As a direct and proximate result of the Clerk's refusal to accept
Plaintiff's filings (which unequivocally prove that the debt claimed to be
due and owing to DLJ was not only paid in full but, overpaid), judgment was
taken not only against Plaintiff but also against other defendants,
including family members, who were deprived of the evidence of the
satisfaction of the debt and thus, had a false debt imputed to them; and,
Plaintiff has been subject to a judgment of $66,080,930.84, with continuing
interest and the collateral damage associated with DLJ's collection actions
and remedies.

47.    Additionally, as a direct and proximate result of the Defendant

- 14 -

Clerk Goodman's refusal to allow Plaintiff to file documents, motions and pleadings to Strike and/or Open the aforesaid improvident and improper $66,080,930.84 judgment, Plaintiff also suffered, inter alia,

i). a loss of his counterclaim for, in excess of $3,985,199, plus interest;

ii). loss of property, business income, good will and/or legally cognizable interests therein; and

iii). pain, suffering, mental anguish and a feeling of helplessness and loss of well-being which directly flowed from the Defendant Clerk Goodman's continuing refusal to allow Plaintiff access to the courts.

48. Plaintiff also requests punitive and exemplary damages because Defendant Clerk Goodman's conduct was willful, wanton, outrageous; and, after multiple assertions by Plaintiff of the wrongful and unconstitutional nature of Defendant's acts, Defendant Clerk Goodman refused to take any action to remediate, correct or alter his position, in reckless disregard of the well-established constitutional rights of Plaintiff and the obvious ·nature of the substantial harm which would directly and inevitably follow.

## Second Claim
## Declaratory and Injunctive Relief

49. Plaintiff hereby incorporates by reference the preceding paragraphs as if same were set forth here, et extenso.

50. Plaintiff is entitled to both declaratory and injunctive relief, including a preliminary and, a final injunction.

51. Mandatory injunctive relief is well within a District Court's traditional equitable powers to award such relief based upon 28 U.S.C.

§1331. **Monties Rolex, S.A. v. Snyder,** 718 F. 2d 524 (CA2 NY, 1983) cert den, 465 U.S. 1100, 104 S. Ct. 1594 (1984).

52.     The Plaintiff is entitled to a preliminary injunction because his complaint clearly demonstrates (1) that he has suffered and, will continue to suffer further irreparable harm in the absence of the court's grant of a preliminary injunction; his complaint shows either the (2) likelihood of success on the merits or, | sufficiently serious questions going to the merits to make them a fair ground for litigation; and (3) a balance of hardships tipping decidedly toward the Plaintiff. *Hickerson v. City of New York, 146 F. 3d 99 (2nd Cir. 1998)*

53.     Absent relief, Plaintiff will suffer irreparable injuries as set forth herebefore.     That Plaintiff has and will continue to suffer irreparable harm is not subject to dispute because "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable harm is necessary." Charles A. Wright, Arthur R. Miller and Mary Kane, Federal Practice and Procedure, §2948.1 at 161 (2ed 1995), cited with approval m **Bery v. Brown,** 97 AF. 3d 689; 1996 U.S. App. LEXIS 26492 (2nd Cir. 1996).

54.     It is likely that Plaintiff will succeed on the merits or, sufficiently serious questions going to the merits to make them a fair ground for litigation and, the balance of hardship tips in favor of Plaintiff.

55.     The facts alleged by Plaintiff hereinbefore are uncontestable as they relate to Defendant Clerk Goodman's denial of Plaintiff's constitutional right to have access to the courts, thus guaranteeing

- 16 -

Plaintiff's success on the merits.

56.     Where there is no doubt as to the meaning of the Defendant Clerk Goodman's pronouncement that, "per E-filing rules... they are unable to file (Plaintiff's) document(s) either by mail or in person," and that said pronouncement and rules clash with Plaintiff's rights under the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause and the Fourteenth Amendment Equal Protection and Due Process Clause, there is no occasion for postponement of federal action for declaratory relief and injunction. **All American Airways, Inc. v. Cedarhurst**, 201 F. 21 273 (CA2 NY, 1953). *See also, Le Grand v. Mathew Evan, Clerk, 702 F. 2d 415, 418 (2d Cir, 1983),*

57.     Plaintiff cannot obtain relief of any nature, including injunctive or declarative relief, in the court below because his access has been denied under the same directive/rules which he is not attacking as unconstitutional.

58.     Because, under New York State law, Plaintiff must preserve his procedural rights in the lower court or, be precluded from appellate review and, because judicial review also requires perfecting an appeal by filing it in the lower court, which Plaintiff is prohibited from doing under the extant circumstances, Plaintiff also cannot receive the relief requested here in the appellate courts of the State of New York.

### Restoration of Case to
### Judge Eric N. Vitaliano

59.     The right to a temporary and permanent injunction and to

declaratory relief is mainfest.

60.    In fashioning such relief, the court should remain mindful of the harms intended to be halted and, ultimately remedied, as the broad discretion inherent in equity would permit.

61.    Because as stated hereinbefore, the underlying state action from which the Plaintiff has been unconstitutionally excluded, to his great and continuing detriment, had its genesis in the case partially adjudicated in federal court in this district by the Honorable Eric N. Vitaliano on July 23, 2010 before the within Plaintiff refiled its pendant state claims in the Supreme Court of New York, County of New York, judicial economy would best be served by assigning this case to said Judge.

62.    Importantly, Judge Vitaliano has the right and jurisdiction, apart from this filing, to "protect and effectuate" his judgment of July 23, 2010 (28 U.S.C. 2283) even as Plaintiff has the right to vindicate his constitutional rights as provided for in 28 U.S.C. 1443(1). Further, it is clear that the underlying New York State action was also filed prematurely in violation of Judge Vitaliano's July 23, 2010 Order.

63.    This is especially significant given what can only be considered as attorney John Amato's continuing perpetration of what must unfortunately be considered as a fraud upon the court.

64.    Attorney Amato had personally served Plaintiff Kontogiannis in DLJ I at, the Federal Medical Center in Devens, Massachusetts where Plaintiff was known, by Amato to be incarcerated. Judge Vitaliano had no

reason to believe that, by granting Amato's request to relinqui:;h supplemental jurisdiction over the pendant state claims so that they could be recommenced in New York State court, that Amato would not personally re-serve Plaintiff Kontogiannis at the Federal Medical Center in Devens where he remained incarcerated at the time the state case was commenced and, where he remains until this day. However, it now appears plain to Plaintiff that attorney Amato's decision to ignore the CPLR and fundamental due process by failing to serve Plaintiff Kontogiannis and then, by taking an improper default judgment against him, without notice to Plaintiff or an opportunity to be heard, that Amato's actions, aided as they were by the "E-filing only" rule, of which attorney Amato was almost certainly aware, were calculated to produce the unconstitutional results which now bring the Plaintiff before this court.

65. Importantly, Amato's request to have Judge Vitaliano decline to exercise jurisdiction over the remaining state law claims was granted with express reference to the fact that it was "urged by defendants and plaintiff alike."

66. Like Judge Vitaliano, defendant Kontogiannis (Plaintiff here) had no reason, at the time, to believe that attorney John Amato would abuse the leave granted by Judge Vitaliano in such a way as to surrepticiously manufacture a default judgment against Plaintiff Kontogiannis or, to thereafter, take advantage of the unconstitutional denial of Plaintiff Kontogiannis' access to the courts which, attorney Amato, as a long-time practitioner in the Supreme Court of New York, had to have known would occur.

- 19 -

67.  As a consequence, attorney Amato secured for his client a judgment upon a debt which he knew had been satisfied and, thereby created devastating losses for Plaintiff and his family members whose assets were thereafter seized, liened, converted, and/or, were forced into surrendering the income from on-going businesses, to everyone, and the businesses', great detriment.

68.  Accordingly, Plaintiff believes and therefore avers that attorney Amato and DLJ perpetrated a fraud upon the courts in general and, Judge Vitaliano in particular, requiring jurisdiction over the entire case (DLJ II) to be reassumed by Judge Vitaliano pursuant to 28 U.S.C. 2283, to at least, in part, protect or effectuate the court's judgment as reflected in its Decision and Order of July 23, 2010; and, in other important part, to vindicate Plaintiff's constitutional rights as provided for in 28 U.S.C. 1443(1).

69.  The foregoing justifies the reasonable contours of the specific relief requested by Plaintiff, which includes the assignment of the instant case to Judge Vitaliano and, Judge Vitaliano's resumption of jurisdiction over the pendant state claims which he dismissed without prejudice in his Order of July 23, 2010.

## Secondary Jurisdiction

70.  Although, as stated, this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiff seeks redress for violation of his federal rights under 42 U.S.C. §1983, it is also accurate to note, that there is complete diversity of citizenship between Plaintiff and Defendant, and that Plaintiff seeks

damages in excess of the sum of $75,000, exclusive of interest and costs, affording this court a secondary basis for jurisdiction pursuant to 28 U.S.C. §1332.

### Other

71.  Related Cases

This matter was previously before the Honorable Eric N. Vitaliano in the case of **DLJ Mortgage Capital, Inc. v. Thomas Kontogiannis, et. al.,** 08-CV-4607 (ENV))(726 F. Supp. 2d 225, 2010 U.S. Dist. LEXIS 74427) (E.D.N.Y. 2010), as pendant state claims.

72.  Availability of Parties

Plaintiff is a federal prisoner incarcerated at the Federal Medical Center in Devens, Massachusetts, whose participation can be secured through a writ of habeas corpus ad testificondum or, by way of telephone conference, pre-arranged with Plaintiff's Counselor, S. Larkin (978-796-1000).

73.  Jury Trial Requested

A jury trial is not available to Plaintiff for the equitable relief he requests but, as and for the compensatory and punitive or exemplary damages he seeks, a jury trial is hereby demanded.

74.  Settlement Conference

A settlement conference is requested.

75.  Trial Counsel

At present, Plaintiff is pro se. But, as part of the relief herein requested, Plaintiff requests the release of funds to enable him to

retain counsel of his choosing.

76. Service

Plaintiff has no access to electronic filing of any kind and therefore must file, serve and receive "hard copies" (i.e. paper document filings). Plaintiff's mail service must be addressed as follows:

Legal/Special Mail
Open in the Presence of the Inmate Only
Thomas Kontogiannis
Fed. Reg. No.: 40973053, Unit: H-B
Federal Medical Center, Devens
P.O. Box 879
Ayer, Massachusetts 01432-0879

In accordance with B.O.P. Program Statements and the Code of Federal Regulations, legal counsel must have his individual name and attorney designation in the return address and, documents from the court or court officers must have their name and title as part of the return address.

In accordance with **Houston v. Lack,** 487 U.S. 266 (1988) pleadings by a prisoner who represents himself are considered to be filed at the moment such pleadings are delivered to proper prison authorities for forwarding to the clerk (i.e. the date on Plaintiff's signed Proof of Service).

## Relief Requested

By bringing this suit against Defendant Clerk Goodman in his individual capacity, Plaintiff seeks to impose personal liability upon him for actions taken under color of state law and to prohibit his personal implementation of the "E-filing" rules which preclude Plaintiff's access to the courts. And, by bringing this suit also against Defendant Clerk Goodman in his official capacity, Plaintiff seeks to impose liability upon the County and State of New York which he represents, and also seeks injunctive and declaratory

- 22 -

relief against the County / state as the entity which is responsible for carrying out official policy, regardless of what individual or individuals actually perform the particular actions.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1.    Enter judgment in favor of Plaintiff against Defendant in both his individual and official capacities upon the Plaintiff's causes of action hereinbefore set forth, in an amount to be determined by a jury at time of trial.

2.    Further, Plaintiff respectfully prays that this Honorable Court specifically find that Defendant Clerk Goodman is liable to Plaintiff because of his personal involvement in preventing Plaintiff's access to the court; as a policymaker; and, as a supervisor, because he was either personally aware of the unconstitutional conduct or his subordinate(s) and failed to correct it, or the subordinate(s) was carrying out a policy, practice or custom which was ordered or authorized by him as their supervisor / polity maker.

3.    The Plaintiff further respectfully prays that this Honorable Court enter the following specific Orders granting both declaratory and injunctive relief, by preliminary injunction and by permanent injunction:

(i).    Declaring that the "E-filing only" policy implemented by the Defendant Clerk Goodman in his official capacity and imposed upon litigants in New York County Court and, in the Supreme Court of New York State  and most especially, this Plaintiff, is violative of both Plaintiff's and persons similarly situated, clearly established constitutional rights of access to the courts and to due process, under Article IV Privileges and

- 23 -

Immunities Clause, **Chambers v. Baltimore & Ohio R. Co.**, 207 U.S. 142, 148, 52 L Ed 143, 28 S. Ct. 34 (1907); **Blake v. McClung**, 172 U.S. 239, 249, 43 L Ed 432, 19 S. Ct. 165 (1898); **Slaughter House Cases**, 16 Wall 36, 79, 21 L Ed 394 (1873), the First Amendment Petition Clause, **Bill Johnson's Restaurants, Inc. v. NLRB**, 461 U.S. 731, 741, 76 L Ed 2d 277, 103 S. Ct. 2161 (1983); **California Motor Transport Co. v. Trucking Unlimited**, 404 U.S. 508, 513, 30 L Ed 2d 642, 92 S. Ct. 609 (1972), the Fifth Amendment Due Process Clause, **Murray v. Giarratano**, 492 U.S. 1, 11, n 6, 106 L Ed 2d 1, 109 S. Ct. 2765 (1989) (plurality opinion); **Walters v. National Assn. of Radiation Survivors**, 473 U.S. 305, 335, 87 L Ed 2d 220, 105 S. Ct. 3180 (1985), and the Fourteenth Amendment Equal Protection, **Pennsylvania v. Finley**, 481 U.S. 551, a55a7, 95 L Ed 2d 539, 107 S. Ct. 1990 (1987), and Due Process Clauses, **Wolf v. McDonnell**, 418 U.S. 539, 576, 41 L Ed 2d 935, 94 S. Ct. 2963 (1974); **Boddie v. Connecticut**, 401 U.S. 371, 380-381, 28 L Ed 2d 113, 91 S. Ct. 780 (1971).

(ii). Enjoining Defendant Clerk Goodman and all other persons acting by and through him and/or the County/of state New York from enforcing said "E-filing only" rule.

(iii). Directing Defendant Clerk Goodman to immediately docket all documents forwarded to him or his office by the Plaintiff, Thomas Kontogiannis, retroactive to the mailing dates appearing on each such document.

(iv). Declaring null and void and of no force or effect, all Orders and/or Judgement entered in the matter of **DLJ Mortgage Capital, Inc. v. Thomas Kontogiannis, et. al.**, Supreme Court of the State of New York, County of New York, Index No. 104675/2010 since this court's dismissal Order of July 23, 2010 (08-CV-4607)(ENV).

(v). Directing that DLJ Mortgage Capital, Inc. be preliminarily

and permanently enjoined from and, cease and desist from, any collection or attachment actions, pay all monies heretofore collected into this court, and further directing that any and all liens or stays created by action of DLJ after Judge Vitaliano's Order of July 23, 2010 (08-CV-46076)(ENV) be stricken forthwith.

(vi). Directing that the matter presently styled **DLJ Mortgage Capital, Inc. v. Thomas Kontogiannis, et. al.**, Supreme Court of the State of New York, County of New York, Index No. 104675/2010, be restored to Judge Eric N. Vitaliano's docket at its previously designated term and number, to wit, **DLJ Mortgage Capital, Inc. v. Thomas Kontogiannis, et. al.**, 08-CV-4607 (ENV)(E.D.N.Y.).

(vii). Assuming jurisdiction over the within matter and directing that it proceed, ab initio, as if supplemental jurisdiction over the pendant state claims had not been relinquished.

(viii). Immediately turning over to Plaintiff Kontogiannis all funds, plus interest thereon, removed from the said Kontogiannis' prior family attorney, Ron DePetus' escrow account, thereby permitting Plaintiff Kontogiannis the ability to secure an attorney in the within matter.

(ix). Providing the Plaintiff reasonable counsel fees and costs pursuant to 42 U.S.C. 1988(b) if, and when, Plaintiff incurs same on the within process of vindicating his constitutional rights under 42 U.S.C. 1983.

(x). Directing each other relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

Dated:   June ⌐5⌐, 2012
Ayer, Massachusetts 01432

Thomas Kontogiannis, Pro Se
Reg. No. 40973053, Unit: H-B
Federal Medical Center, Devens
P.O. Box 879
Ayer, Massachusetts   01432-0879

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

THOMAS KONTOGIANNIS,

                   PLAINTIFF

v.

NORMAN GOODMAN,
Individually and in his
Official Capacity as
County Clerk and Clerk
of the Supreme Court of
the State of New York

                   DEFENDANT

No.: _____

SECTION 1983 CIVIL RIGHTS ACTION
INJUNCTIVE RELIEF REQUESTED
PRO SE FILING

HON. _____

JURY TRIAL DEMANDED

## VERIFICATION

The undersigned, Thomas Kontogiannis, declares under penalty of perjury that the facts set forth in the foregoing complaint are true and correct, to the best of his knowledge, information and belief and, are set forth subject to the provisions of 28 U.S.C. 1746(2).

Executed on June ___5___, 2012 in Ayer, Massachusetts.

                                        Thomas Kontogiannis

## NOTARY

Personally appeared before me the aforesaid Thomas Kontogiannis, who executed the above Verification, in my presence, and for the purposes stated.

Sworn and subscribed before me, this 5th day of June, 2012.

Ayer, Massachusetts

                               Notary

MARY MAGOON
Notary Public
Massachusetts
Commission Expires Feb 11, 2016

## EXHIBIT LIST

EXHIBIT A - May `11, 2011 letter from Thomas Kontogiannis to Judge C. Ramos with copies to all parties or their counsel indicating lack of service on Thomas Kontogiannis.

EXHIBIT B - May 16, 2011 letter from Thomas Kontogiannis to Judge C. Ramos with copies to all parties of their counsel, reiterating the lack of service upon Thomas Kontogiannis and his profolactic effort to alert the court that attorney J. Amato may attempt to take an improper default.

EXHIBIT C - November 15, 2011 Thomas Kontogiannis' letter to Defendant Clerk N. Goodman for filing, "Defendant Thomas Kontogiannis' Motion to Strike or open improvidently entered judgment" with service upon all parties or counsel.

EXHIBIT D - December 20, 2011 letter from Thomas Kontogiannis to Defendant Clerk N. Goodman inquiring why Kontogiannis had not received a response from his November 15, 2011 filings.

EXHIBIT E - February 1, 2012 certified letter sent to Defendant Clerk N. Goodman complaining about not receiving responses to his November 15, 2011 and December 20, filing and letter and again enclosing copies of each.

EXHIBIT F - February 1, 2012 Thomas Kontogiannis certified mail to Judge C. Ramos expressing dissatisfaction with the Judge's and Defendant Clerk N. Goodman's failure to respond to Thomas Kontogiannis' letters and filings.

EXHIBIT G - First response from Defendant Clerk's Office dated January 30, 2012, enclosing incomplete docket entries, none of which evidences that Plaintiff filings were ever docketed.

EXHIBIT H - February 7, 2012 certified letter from Thomas Kontogiannis to the Defendant Clerk N. Goodman expressing dissatisfaction as to his incomplete docket response of January 30, 2012; and continued failure to docket Plaintiff's filings and/or provide any time - stamped evidence of same, despite Plaintiff having provided pre-addressed, postage pre-paid return envelopes.

EXHIBIT I -     February 28, 2012 hand-written note from Clerk containing attachments, including a generic form letter on Clerk's Office stationary explaining that all documents must be e-filed and referring Plaintiff to the "Trial Support Unit".

EXHIBIT J -     April 3, 2012 letter from Plaintiff Kontogiannis to the Trial Support Unit of the Clerk's Office per the Clerk's 2/12/12 letter.

EXHIBIT K -     April 2, 2012 certified mail from Plaintiff Kontogiannis to e-filing department of the Defendant Clerk's Office advising that he has <u>no</u> internet access as a prisoner and that their <u>e-</u> filing rules unconstitutionally deny him access to the court. Thomas Kontogiannis asks again why he is not listed as a Defendant.

EXHIBIT L -     May 9, 2012 form letter on Defendant Norman Goodman's official stationary returning Plaintiff's April 2, 2012 letter and all attachments because they will accept only e-filing.

EXHIBIT M -     Copies of P.S. Form 3811; copies of U.S. Postal Service certified mail receipt; and post-marked envelopes in which Plaintiff's filings were returned unfiled and undocketed.

# EXHIBIT "A"

THOMAS KONTOGIANNIS
FEDERAL MEDICAL CENTER
P.O. Box. 879      40973-053
AYER    MA.      01432

HONORABLE  CHARLES  E.  RAMOS
NEW YORK COUNTY SUPREME COURT  ( CIVIL BRANCH )
60 CENTRE  STREET
NEW YORK  N.Y.  10007

RE: D.L.J. MORTGAGE  CAPITAL  INC. v.
THOMAS KONTOGIANNIS .ET, AL,
SUPREME COURT, NEW YORK COUNTY
INDEX NO: 104675/2010

DEAR  JUDGE RAMOS.

I am one of the defendants captioned above.

I wish to advise you that I have not been served any notice of this action and, respectfully request that I be given a reasonable period of time to secure my file, assess its status and, to then move forward with my case, pro se. I am without the funds to do otherwise.

I am also advising opposing counsel and other counsel of record that there exists a continuing problem with the prompt receipt of mail by the inmates at this institution. It is not uncommon for mail to be delayed for weeks or, even to go undelivered.

In order to increase the prospects of my receipt of correspondence in this case, I ask that all individuals comply with the Federal Bureau of Prisons Program Statement on correspondence by meeting the following mailing requirements:

1)  the mailing  envelopes must contain the return address and individual name of the attorney and law firm sender;

2)  it must be addressed to me with all the identifying information appearing on the within letterhead; and

3)  it must be mailed with the words "special / legal mail" and "Open in the presence of the inmate only". The small inconvenience associated with the FBOP compliance will, I believe, greatly increase my chances of receiving mail in this case within a reasonable time, though not guarantee it.

Thank you in advance for your kind attention to the written request.

Sincerely,

Thomas Kontogiannis
cc. All parties or counsel

5/11/2011

EXHIBIT   "B"

Date: May - 16 - 2011

-------------------------

HONORABLE   CHARLES E. RAMOS

SUPREME COURT OF THE STATE OF NEW YORK

60 CENTRE   STREET    ROOM  691

NEW YORK , NEW YORK   10013

RE:   DLJ Mortgage Capital Inc. V.

Kontogiannis , et al.

Index No. : 104675/2010

Dear Justice  Ramos :

   I am apparently the lead defendant in the matter captioned above.

   Today ,I received from my criminal attorney Via US Mail, a letter dated  May - 9 - 2011 directed to you  from John P. Amato who apparently represents  DLJ mortgage Capital ,Inc.

   This is the first time I have been aware that DLJ , after having its outrageous claims dismissed by a Federal Court, have repeated their false allegations in a State filing.

   Unfortunately, there misrepresentations do not appear to be confined to DLJ. Its counsel, both attorney John P. Amato and attorney Robert J. Malatak, have also made serious misrepresentations to the court in this mater.

   Contrary to the  " affirmation of Robert J. Malatak " and other representations made by him :


   1) I was never served  with any motion in this case, including specifically, their motion to amend the summons and complaint and to change the caption ( doc. nos. 10-16 ) filed on about August 10,2010 ( I also have never seen the original complaint and summons filed against six (6) defendants, which did not include me. )

2) I have never been served with ANY pleading or document in this case. That includes the amended complaint and summons which apparently names me as a defendant. It also includes the Order to show Cause for Default Judgments entered by the court in May 5, 2011. DLJ's counsel has suggested that they served me by serving Georgia Kontogiannis in Glen Head, New York on September 17, 2010. DLJ is fully aware that my residence is the Federal Medical Center in Devens MA since July of 2008. Significantly, they served me here with the Federal Complaint and summons in 2009.

3) Made under penalties of perjury, is false, scandalous, impertinent, and is clearly calculated to inflame the court against the other defendants, and me. How Mr. Malatak could represent to the court that he personally is "fully familiar with the facts and circumstances set forth" in this affirmation is inexplicable and disingenuous. Moreover, several of these misrepresentations are repeated by Mr. Amato in his May -9 - 2011 letter to the court.

Furthermore, it appears that, without notice to me, these counsel persuaded the court that I was a defaulting Defendant "knowing full well that not a single document related to this case has been served upon me. They apparently even persuaded the court to accept the mailing of the OTSC to me by "overnight federal express overnight delivery "as actual or constructive service, knowing full well that I am in a Federal Prison. It is part of their scurrilous, inflammatory and irrelevant averments to the court, and that the Federal Bureau of Prisons will not permit Federal Express or any other private mail carrier to mail into a Federal Prison.

It is also important to note that this same law firm knew the proper way to serve me when they served their Federal complaint to me which was dismissed.

It is my informed belief that DLJ's action maybe time-barred and must, somehow, run afoul of court rules common to all states which require a pleading to be promptly served upon the opposing party.

In short I believe that Messrs Malatak and Amato ought to be significantly sanctioned for their obvious lack of candor to this tribunal if not for perpetuating an outright fraud upon this court.

Under the circumstances, it would obviously be inappropriate to allow DLJ and their counsel to take a default judgment against me or any other named party who hasn't been served with the summons and amended complaint.

I am presently without funds necessary to secure counsel. Nonetheless I am attempting to ascertain what my legal rights are under the circumstances and, obviously will require a reasonable extension of time after I am served with the pleadings in this case to respond appropriately . That will most likely include the filing of preliminary objections, affirmative defenses, counter claims and cross claims and perhaps the joinder of additional defendants.

In yet another misrepresentation, DLJ's counsel represent to the court that the "earliest ascertainable date the counsel of action existed" was on the very same day that they commenced the Federal Action which was dismissed , to wit, November 13 , 2008. That they filed their Federal complaint on the very same day their chant became aware of its cause(s) of action is simply unbelievable and, will certainly be exploited diverting discovery if this case progresses further.

I wish to thank the court in advance for its kind attention to this correspondence and for the opportunity to attempt to dispel the awful things the plaintiff and its counsel have apparently been telling the court about me, ex parte for some time.

Sincerely

Thomas Kontogiannis

cc: All parties and/ or their counsel.

P.S. I am presently in Brooklyn by request of the Justice department. Expected to be back in my designated place, In Federal Medical Center, Devens, MA. By: jun 17- 2011`.

All mail that has to be send to me, it has to come thru US Mail after that dated.

# E X H I B I T    " C "

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

OFFICE OF NEW YORK COUNTY CLERK
60 Centre Street
NEW YORK N.Y.  10007

RE: DLJ Mortgage Capital Inc.  V
Thomas Kontoglannis et,al.
Index No :  104675/2010

Justice : Charles E. Ramos

NOV-15-2011

Dear Clerk
.Enclose herewith for filing with your office please find the following documents :

1) Defendant Thomas Kontoglannis ' Motion to Strike or Open Improvidently Entered Judgment;

2) Affirmation of Thomas Kontoglannis in support thereof ;

3) Proposed Order ;

4) Certificate of service

5) Exhibit of facts ;

Also  enclosed is a copy of each, which I request that you time - stamp and return to me in the postage prepaid, self addressed envelope. .

Contemporaneously with this filings I am mailing by US mail , first  class, postage pre-paid a copy of each to all counsel of record as well as a courtesy copy to the Judge Charles E. Ramos .

Thank you for your kind attention to these filings .

Sincerely
Thomas Kontoglannis

C.C. Honorable  Charles E. Ramos
enclosures all counsel.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.

---

D L J MORTGAGE CAPITAL INC.
Plaintiff
V
THOMAS. KONTOGIANNIS et,al.
Defendants

INDEX NO: 104675/2010

Justice: CHARLES E. RAMOS

---

DEFENDANT THOMAS KONTOGIANNIS' MOTION TO STRIKE
OR OPEN IMPROVIDENTLY ENTERED JUDGMENT

---

COMES NOW , Thomas Kontogiannis, Defendant above, PRO SE, and moves this Honorable Court to strike or open the Judgment improvidently entered against him in violation of the New York Civil Practice Law and Rules and extant case law and as just cause and reason therefore, sets forth the following.

1) Your movant is a Defendant in the action captioned above which was commenced by Plaintiff on or about April 9, 2010.

2) On or about August 16, 2011, Plaintiff took ,and caused to be entered, a default judgment upon Movant.

3) Up to and including this date, Plaintiff has never served nor, caused to be served a complaint, amended complaint summons , amended summons or any pleadings denoted under CPLR subsection 3011 ,upon Movant a natural person. Nor ,has Plaintiff ever served Movant with the subject Default Judgment or notice thereof. In fact , the other documents which Plaintiff was required to serve Movant with were never directed to him, much less served upon him :

| Title of Document | Number of Paper On E-Filing List of Papers | Date Filed |
|---|---|---|
| 1. amended summons | No. 62 | September 10, 2010 |
| 2. amended complaint | No. 63 | September 10, 2010 |
| 3. affidavits of service amended summons and amended complaints | Nos. 68, 71-75, 81-83, 90, 93 | September 21, 2010 |
| 4. affirmation of Robert J. Malatak in support of order to show cause for default judgments (with exhibits) | Nos. 346-350 | May 5, 2011 |

| | | |
|---|---|---|
| 5. affidavits of service or default papers | Nos. 353-358<br>Nos. 361-365, 373 | May 9, 2011<br>May 11, 2011 |
| 6. affirmation of Anthony P. Ellis in further support of plaintiff's motion for default judgments (with exhibits) | No. 383 | May 12, 2011 |
| 7. order to show cause | No. 402 | May 18, 2011 |
| 8. amended order to show cause | No. 403 | May 18, 2011 |
| 9. order | No. 438 | June 14, 2011 |
| 10. affidavit of additional mailing | No. 504 | August 11, 2011 |
| 11. non-military affidavit | No. 505 | August 11, 2011 |
| 12. amended affidavit of additional mailing | No. 508 | August 15, 2011 |
| 13. certificate requesting entry of judgment | No. 509 | August 15, 2011 |
| 14. proposed judgment and bill of costs | No. 510 | August 15, 2011 |

4.   Failure to effect service upon Movant is a violation of due process, deprives the Court of in personum jurisdiction over Movant, subjects the complaint or an amended complaint to dismissal under CPLR 3012, and renders any action taken against Movant a nullity and of nor force and effect.

5.   The within action is virtually identical to the federal civil action which Plaintiff commenced against Movant and other Defendants on or abut November 15 , 2008 and, which action was dismissed by Order of U.S. District Judge Eric N. Vitaliano on July 23, 2010.  DLJ Mortgage Capital, Inc. v. Thomas Kontogiannis, et. al., 2009 U.S. Dist. Lexis 46857 (Capital 2010). Plaintiff took no appeal from said dismissal and is collaterally stopped from bringing that same action, here,  in state court.

6.   The Plaintiff was aware that Defendant has been, and continues to be a resident at, and a domiciliary of, the Commonwealth of Massachusetts since July 14, 2008.

7.   More particularly, Plaintiff was, and continues to be aware, that Movant is a long-term federal inmate incarcerated at the Devens, Federal Medical Center in Waymart, Massachusetts, servings sentences of 12 years.

8.   In fact, Plaintiff acknowledged that fact by personally serving Movant with the aforesaid federal civil complaint on or about December 2008, at Federal Medical Center, Devens, more than 15 months PRIOR to the commencement of the within state action.

9.   Based upon a copy of a document styled "Notice of Entry", Movant believes and therefore avers that Plaintiff may try to claim that it effected service upon Movant in the same manner as it claimed service of the Notice of Entry, to wit, by mailing it or, delivering it to an address where at Plaintiff knew Defendant Kontogiannis was no longer domiciled or resident:

Thomas Kontogiannis
12 Woodfield Lane
Glenhead, New York 11545.

10.  Plaintiff's actions are clearly calculated to secure a judgment against Movant without the required notice and opportunity to respond, in violation of the New York Civil Practice Law and Rules, the sate and federal constitutions and extant case law.

11.  In cases involving long term imprisonment such as the one sub judice (N.B. Movant is 63 years of age and is serving a total

sentence of 12 years imprisonment), Federal Medical Center, Devens is, unfortunately, Movant's usual place of abode (if not permanent place of abode) and, Plaintiff is well aware of that fact as evidenced by its prior personal service of Defendant in Massachusetts in the above referenced federal action.

12. Plaintiff's use of Movant's prior home address for personal service in this case was clearly not reasonably calculated to apprise Movant of pendency of the proceeding. In fact, Plaintiff simply wishes to exploit Movant's incarceration to avoid Movant's response on the merits.

13. Movant has multiple meritorious defenses to Plaintiff's claims which are, at best, a claim for relief from Plaintiff's own negligence as was previously determined by the federal court which dismissed the aforementioned federal complaint which was virtually identical to the instant complaint.

14. The meritorious defenses which Movant intends to assert include, inter alia, the following:

i). DLJ lacks standing to bring this action against the Defendant because it lacks privity, having no association, understanding, business dealings or even contact with the Defendant;

ii). The harm that DLJ claims to have suffered, if any, is solely the product of its own negligence and gross negligence;

iii). Any harm which DLJ claims to have suffered, if proven, is the consequence of the actions of others for which Movant bears no legal responsibility;

iv). DLJ's own paperwork (Exhibits) limits its claims to the fundings of 45 mortgages to Coastal and not 95 mortgages and; by these same documents, DLJ overstates the funding of these 45 loans by over 7 million dollars;

v). Movant not only fully paid for all the mortgages that he had obtained from Coastal but, overpaid for said mortgages in an amount in excess of 3.9 million dollars. (Whether Coastal paid DLJ is not the responsibility of Movant who was not even aware of the existence of DLJ until service of the federal complaint).;

vi). DLJ is collaterally estopped from asserting its claims against Movant and other Defendants by virtue of the unappealed federal court decision aforementioned which he that, inter alia, DLJ could not establish "by any standard of proof" that its own negligence was not the cause of any alleged harm DLJ claims to have suffered;

vii). The Plaintiff is responsible for culpable conduct claimed in diminution of damages as set forth in article fourteen A of the CPLR;

viii). The Plaintiff itself engaged in fraudulent conduct;

ix). The Plaintiff engage in state and/or common law illegality;

x). The Plaintiff has been paid in full or otherwise reimbursed for any losses claimed;

xi). The Plaintiff's claims are barred by the statute of frauds and the statute of limitations;

xii). The Plaintiff's claims are barred by the operation of the doctrine of res adjudicata;

xiii). The Plaintiff has failed to set for a cause of action upon which relief can be granted;

xiv). The Plaintiff suffered no loss but, in fact, profited from its purchase of more than 1200 mortgages from Coastal and;

xv). The Plaintiff commenced this action during the pendency of a prior federal lawsuit reflecting an identity of parties and claims.

15. Because the Movant was not personally served with the summons, complaint or any subsequent pleadings in this matter; and because he has not personally appeared; because less than one year has passed since the judgment has been entered against Movant; because he did not personally receive notice of the subject pleadings in time to defend; and, because Movant has a meritorious defense, even if he is not entitled to having the judgment stricken for the reasons stated heretofore, he is entitled to have the judgment opened as a matter of law in accordance with CPLR Subsection 317.

16. Plaintiff's actions, as described above, have been in bad faith, are vexations, legally unfounded, and calculated to cause Movant injury, including constitutionally recognized harms which follow the lack of due process afforded Movant, he is entitled to damages, costs, reasonable counsel fees and such other relief, in addition to the opening and/or striking of the subject judgment, as this Court deems he is entitled.

WHEREFORE, Defendant Thomas Kontogiannis, Movant herein, respectfully prays that this Honorable Court enter an Order striking or otherwise opening the subject judgment and awarding him damages, reasonable counsel fees and costs, and such other relief as this Honorable Court deems just and proper.

Dated: November 14, 2011

Respectfully Submitted: _____
Thomas Kontogiannis, Pro Se

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

D L J MORTGAGE CAPITAL INC.
Plaintiff

V

THOMAS KONTOGIANNIS et,al.
Defendants

Index No: 104675 - 2010
Justice CHARLES E. RAMOS

AFFIRMATION OF
THOMAS KONTOGIANNIS
IN SUPPORT OF HIS MOTION
STRIKE OR OPENIMPROVIDENTLY
ENDERED JUDGMENT.

THOMAS KONTOGIANNIS, hereby affirms the following, based upon his knowledge, information and belief, under penalties of perjury :

1) I am a named defendant in the within action. Motion to Strike Open-Lack of Service.

2) I have resided and, continue to reside, at the Federal Medical Center ; Devens, At Ayer, Massachusetts since July of 2008.

3) The plaintiffs legal counsel has been aware of my Massachusetts residence since July of 2008.

4) On or about December 2008, Plaintiff DLJ Mortgage Capital Inc. ( " DLJ or Plaintiff " ) caused service to be made upon me in their predication action commenced in Federal Courts on New York, Eastern District and , which was styled " DLJ Mortgage Capital, Inc. -V- Thomas Kontogiannis , et , al. " 2009 U.S. Dirt Lexus 46857 ( E.D.N.Y. 2010 )

5) This constitutes evidence that DLJ acknowledged that proper service required personal service upon me here , in Massachusetts.

6) In the Court's "Order to Show Cause For An Order Granting The Issuance of An Open Commission" dated October 22, 2010, the Court (Hon. Charles E. Ramos) concluded that the Affirmation of Special Counsel to Plaintiff DLJ, Robert J. Malatak dated October 20, 2010 and upon all prior pleading had herein, allege that

    b) since March 2008, Kontogiannis has resided in a federal penitentiary - the Federal Medical Center in Devens, Massachusetts ("FMC Devens")..." (Emphasis Added).

In as much as the Court has concluded that Kontogiannis has resided in Massachusetts at all times pertinent to this action (which wasn't commenced until __2010__ ); it is clear that service of process of the Summons, Complaint, Amended Complaint and all other documents relating to this matter had to be personally made upon Kontogiannis in Massachusetts. It is equally undisputed that no such service was ever made.

7) Notwithstanding the foregoing and the applicable New York Civil Practice Law and Rules and extant case law, I have never been served with any of the pleadings in this matter and have alerted DLJ's counsel, John Amato, to that fact in several personal telephone calls with him which occurred in the time period preceding his action which resulted in a default apparently

being entered against me.

8)  I hereby adopt and incorporate as if fully set forth herein, the averments appearing in my "Defendant Thomas Kontogiannis's Motion to Strike or Open Improvidently Entered Judgment."

## Meritorious Defense to DLJ's
## Unfounded Cause of Action

9)  I have numerous meritorious defenses to DLJ's action brought against me. An outcome of those defenses appear in the aforemost Motion to Strike or Open.

10)  For readability purposes only, I shall elaborate, in part, upon those defenses using the "third person."

11)  DLJ is a financial institution which engages in, among other things, the purchase of residential mortgage loans in the secondary market.

12)  It is DLJ's obligation to examine a multitude of documents to determine both the validity and quality of the mortgage ("paper") it is purchasing. If the paperwork is insufficient to validate the mortgage or, if it demonstrates it to be of an unacceptable risk (of repayment) DLJ doesn't purchase it, knowing that it would be difficult to resell at a profit ("flip").

13)  At the height of the mortgage bubble, DLJ got greedy and intentionally failed to conduct its due diligence on the mortgages it was purchasing for resale. It did so to take advantage of the fact that mortgages were proliferating at record numbers, making it less likely that DLJ's repurchasers would do their due diligence so that DLJ could pass on any "bad" mortgages with little fear that those institutions which it sold to would notice. DLJ reaped the benefits of its greed and gross negligence and lack of due diligence to the tune of hundreds of millions of dollars.

14)  As we all know, DLJ's industry is widely accepted as the reason why the real estate "bubble" burst and our economy tanked.

15)  DLJ now seeks to exploit the criminal conviction of Thomas Kontogiannis by falsely claiming that his conduct was responsible for $45 million of the losses DLJ alleged suffered.

16)  With all the "bail out" money which was distributed either directly to DLJ or its agents and/or principals, it will be hard pressed to demonstrate that it suffered a loss. What is however clear is that DLJ will not be able to prove that any of its claimed loss in this case is due to anything other than its own greed and gross negligence and it certainly will not be able to prove that Thomas Kontogiannis, with whom DLJ never had a single dealing, is responsible for any claimed loss.

17)  Thomas Kontogiannis pled guilty to engaging in mortgage fraud for his acts of creating straw mortgages to secure low interest loans from Coastal. At no time did Thomas Kontogiannis ever plead guilty to defrauding DLJ of any monies. In fact, it is beyond peradventure of a doubt that Thomas Kontogiannis had no dealings with DLJ whatsoever, and, that Thomas Kontogiannis not only fully repaid the mortgage loans to Coastal, but actually overpaid for the mortgages leaving Thomas Kontogiannis with a loss of $3.9 million and a claim against Coastal and its principals and/or agents for said sum plus, interest, costs and other damages.

18)  In an act at least as fraudulent as that for which Thomas Kontogiannis has been and, continues to be punished, DLJ has now attempted to sue Thomas Kontogiannis and his family members, their corporations, attorneys and others for a loss they allegedly suffered due to their own greed and negligence. Even more unscrupulously, DLJ's action is being prosecuted by a legal counsel who manufactured a default judgment against Thomas Kontogiannis by failing to serve him with the very documents he was defaulted upon. The unethical and unconstitutional dimensions of Attorney John Amato's actions, and others at his direction, cannot be overstated, especially since Attorney Amato (i) never served Defendant Kontogiannis with any pleadings or default related documents as is required by the Rules of the Court, fundamental due process and extant case law; (ii) had three telephone conversations with Thomas Kontogiannis, personally prior to Amato's fraudulent entry of default - during which telephone conversations Defendant Kontogiannis repeatedly told Amato that he had not been served with any documents in this case and, repeatedly asked to be served with the pleadings and Motions he had filed in this matter because he had a meritorious defense which he explained in detail; (iii) and Amato, also communicated with Kontogiannis by exchange of 12 emails wherein Amato never disclosed that he was simultaneously, surreptitiously undertaking to default Kontogiannis.

19)  DLJ's counsel has spent more than 150 pages of falsely characterizing irrelevant transactions that occurred as much as a

decade before the unrelated mortgages purchased by DLJ which form the basis for this cause of action.

20)  In addition, DLJ mischaracterizes the wholly unrelated transactions which caused Thomas Kontogiannis to suffer criminal penalties and, even embellishes upon them to place Thomas Kontogiannis in the worst possible light before this Court as a "career criminal" when, in fact, as both his sentencing judges have had reason to note, at age 62, Thomas Kontogiannis has lived the majority of his life as an exemplary, crime-free citizen, family man, philanthropist, but most significantly, successful business man and, the Court should not fall into DLJ's trap of having the Court retry unrelated criminal cases that have concluded.

21)  Plaintiff expends hundreds of pages attempting to link together the commercial undertakings of Thomas Kontogiannis's family and others in an attempt to suggest that the relationships, going back more than twenty years in some cases, are in some way nefarious.  They are not.  But, more significantly, the relationship, if any exists, between these entities is irrelevant and immaterial to Plaintiff's claim which can be summarized as follows: of the more than 1200 mortgages DLJ claims it purchased from Coastal for resale on the secondary market, 95 of them (only 45 by Plaintiff's own records have been funded) were not resalable due to the fact that they were not recorded and fully documented.  A fundamental fact that Plaintiff, whose duty it was to ascertain public recordings, didn't bother to check.

22)  Plaintiff, in other words, is engaged in serious misdirection.  Its purchase of a handful of unrecorded mortgages is testament to its gross negligence in pursuit of profits.  Coastal, it appears threw some bad apples into the bushel basket hoping Plaintiff, hell-bent on cashing in on the mortgage bubble, would not notice.  And it didn't.  But apparently, someone that Plaintiff either resold to or, attempted to resell to, did.  Now, Plaintiff seeks to recover, not its losses, but its diminished profits (remember it successfully resold for a profit more than 1200 other Coastal mortgages) by claiming it was duped into buying bad mortgages from Coastal.  It is making this claim even though it is undisputed that Plaintiff had the obligation to ascertain the recordation and salability of all the mortgages before it purchased them.  (It's as if Plaintiff bought thousands of cars from a wholesaler for resale and didn't bother to check the titles or registrations!).  This was one of the holdings in the virtually identical federal case which was dismissed.

23)  What is even more outrageous is that the Plaintiff is now attempting to collect its claimed "losses" from the Defendant and others who had nothing to do with Coastal's sales to Plaintiff, much less Plaintiff's gross negligence in those dealings.

Kontogiannis' Business

Defendant Kontogiannis was a successful businessman for more than three decades when in response to a business shortfall due to the economy, he crossed the line between proper business practices and unlawful activities.  While American taxpayers supplied the money so companies like the Plaintiff could benefit from "bailouts" when their money ran short, smaller businesses like Kontogiannis' construction/development corporation didn't have that kind of political clout.

Kontogiannis routinely borrowed construction funds from mortgage wholesalers to finance his legitimate business operation.  Coastal Capital Corporation ("Coastal") was one of those entities.

The mortgage loans were of two different types: warehousing line loans and end-mortgage loans.

The warehousing loans were "limited doc" loans.  In the case sub judice, the money was advanced by Coastal solely for the construction of housing which was not yet complete and were repayable in six months together with interest and carrying fees Because the loans were not resold but were paid off in six months, the extensive paperwork required to make mortgages resalable on the open market to entities like Plaintiff, DLJ, was not required.

The end mortgage loans were different.  These were in the form of mortgages on homes which were sold and had already closed.  The paperwork was extensive and not only included the time-stamped, recorded mortgage and note but dozens of other documents including all the HUD required documents, title insurance, buyer's and seller's affidavits, etc.

The paper work had to be in perfect order and complete in all regards , otherwise , a sophisticated prospected mortgage-purchaser such as plaintiff DLJ would summarily reject the mortgage for purchase ( knowingly that the mortgage had no or, little resale value.)

During the 24 month period in which Costal sold mortgages from 2004 to 2006 its total sales amounted to more then four billion Dollars (4.000.000.000.00 ) of mortgages .

Of these, Defendant Kontogiannis' companies placed approximately Three Hundred Forty (340) mortgages with Coastal, approximately one quarter (90) in its warehousing line and Two Hundred Fifty (250) in its end-mortgage loans intended for resale.

Defendant Kontogiannis not only paid Coastal in full for all 90 mortgages in the warehousing line but actually overpaid Coastal to the tune of $3.9 million dollars as evidenced by the wire transfer documents marked Exhibit "A" and attached hereto as if fully set forth. The remainder of the 250 Kontogiannis mortgages were unquestionably valid, fully documented mortgages which Coastal was successful in reselling at a substantial profit.

Where Kontogiannis admitted he traversed the law was with regard to his warehousing line loans. He created documents with the names of straw purchasers to obtain those loans from Costal to make up for a temporary shortfall in cash flow that the volatile real estate market had created for him. But, since he paid each and every loan off prior to the six (6) months it was due, Kontogiannis' actions constitute a victimless crime. This was especially true since the end-mortgage loans numbering approximately 250 were all in proper form and were resold without any problem, with a large profit to Coastal and resellers like Plaintiff DLJ or others.

Unbeknownst to Kontogiannis, Coastal's principal, John T. Michael, took it upon himself to mix the paid-off warehousing line loans in with the thousands of end mortgage loans it offered for sale to resellers like Plaintiff DLJ, believing that in their greed to take advantage of the real estate bubble, DLJ would either fail to do its due diligence and simply resell the mortgages to its mega purchasers or, accept the fact that it bought bad paper and simply write some off against the billions of dollars it was making by buying and reselling.

Defendant Kontogiannis does not know how DLJ's lack of due diligence was finally uncovered or, if DLJ suffered any loss at all as a result of the infinitesimal amount of the nonviable mortgages they negligently purchased. More likely than not, discovery in this case will show that DLJ still made an incredible profit in its bulk purchase of mortgages which included the subject mortgages and may even have "double dipped" by its principals, Credit Sweiss' receipt of American bailout money.

Nonetheless, one thing is clear, Plaintiff DLJ has no viable claim against Kontogiannis or his company and Kontogiannis has a least a $3.9 million dollar claim against Coastal and a future claim of malicious prosecution against Plaintiff DLJ and its principal Credit Sweiss.

DLH's ~~Annulled~~ Amended Complaint

Plaintiff does a poor job of weaving together allegations (many of which proved to be unfounded) initially made against Kontogiannis in his criminal cases. In fact, the instant Amended Complaint (if the copy Defendant has just secured is an accurate copy) is nothing more than an attempt to reaccuse Kontogiannis of offenses, which are unrelated to Plaintiff's claims, and, which have been resolved in the federal courts. Said allegations make up the bulk of Plaintiff's Amended Complaint and are clearly impertinent, scandalous, irrelevant and immaterial to Plaintiff's claim.

Plaintiff's claim, hidden amongst the irrelevant character assassination of Kontogiannis' (and his family), boils down to this!

DLJ asserts that 95 of the 1200 mortgages it purchased from Coastal were not purchased with sufficient paperwork (including

evidence of recording) for DLJ to be able to resell them for a profit on the secondary market and that rather than DLJ suffering any alleged "loss" from its negligent purchase of these mortgages, everybody and anybody who was associated with Thomas Kontogiannis should pay DLJ.

The lack of legal support for such an assertion is mind-boggling and bespeaks a kind of bully, big company arrogance for which DLJ and its principal, Credit Sweiss are known.

Most significantly, Thomas Kontogiannis was never a shareholder, officer, agent or employee of Coastal. He never exercised any custody or control over Coastal's business practices, including day to day operations. Kontogiannis never was paid any funds by Coastal except for his receipt of loan amounts which were repaid in their totality including fees and carrying costs.

Kontogiannis has no knowledge of how Coastal maintained its mortgage files. Thomas Kontogiannis never heard of DLJ or knew of its existence until after it made belated claiming in its now dismissed federal lawsuit. Kontogiannis certainly hand no dealings, agreements, contracts or undertakings with DLJ which could in any way obligate Kontogiannis to DLJ. Kontogiannis was never in privity with DLJ nor did he ever owe DLJ any duty of any kind. DLJ was a complete stranger to Kontogiannis. In short, it now appears that because Coastal may be judgment proof, DLJ is carting about making spurious claims against Thomas Kontogiannis and other with whom DLJ had absolutely no privity.

Because Kontogiannis is in federal prison and is unrepresented by counsel at this time, it appears that DLJ and its counsel have invested numerous hours attempting to unscrupulously exploit these facts and mislead the Court, resulting in numerous ethical lapses including a lack of candor to the tribunal and a lack of fair and honest dealing with unrepresented parties.

## WAIVER OF MEMORANDUM OF LAW

Thomas Kontogiannis respectfully submits that no memorandum of law need accompany this motion because the issues represented herein are not novel and are adequately addressed in this affirmation.

WHEREFORE, Defendant Thomas Kontogiannis respectfully requests that this Court enter an Order granting its motion in all respects, along with such other or further relief as the Court deems just or proper.

Dated: Ayer, Massachusetts
        November 15, 2011

THOMAS KONTOGIANNIS, PRO SE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.

RE:   DLJ Mortgage Capital Inc. V
Thomas Kontogiannis., et , al .
Index No :104675/2010

## O R D.E R

AND NOW THIS _____ Day of _____, 2011 upon consideration "Defendant Thomas Kontogiannis' Motion to strike or open improvidently Entered Judgment " and the affirmation of Thomas Kontogiannis in support thereof, and any response thereto,

IT IS HEREBY ORDERED AND DECREED THAT said motion is GRANTED.

IT IS FURTHER ORDERED AND DECREED THAT the Clerk shall strike the default judgment entered by Plaintiff against Thomas Kontogiannis on or about August 15, 2011, in the within matter , and all collection enforcement related filings.

IT IS FURTHER ORDERED AND DECREED THAT Plaintiff shall serve Thomas Kontogiannis with all pleadings and motions heretofore filed by it in the within case and, Thomas Konmtogiannis shall have thirty (30) days from his receipt of this order to plead or otherwise  respond to the amended complaint in this matter.

IT IS FURTHER ORDERED AND DECREED THAT Plaintiff shall pay to Defendant the sum of _____Dollars as reimbursement for reasonable fees, costs and other collateral damages associated with the plaintiffs improvident entry of a default judgment in this matter.

BY THE COURT,

_____
Judge.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RE:  DLJ Mortgage Capital Inc.  V
Thomas Kontogiannis et, al.
Index No : 104675/2010

CERTIFICATE OF SERVICE

The undersigned , Thomas Kontogiannis does hereby certify that a time and correct copy of the foregoing "Defendant Thomas Kontogiannis " Motion to strike or open improvidently Entered Judgment ," " Affirmation of Thomas Kontogiannis in support of his Motion to strike or open improvidently Entered Judgment " and proposed Order were served upon the following parties or their counsel in the manner and at the Addresses indicated :

Hahn & Hessel LLP.
488 Madison Ave
New York N.Y. 10022
Att : John Amato.

DePetris & Bachrach LLP.
240 Madison Ave
New York N.Y. 10016
Att: Ron DePetris

Plus Defendants ::

Jonathan Rubin
Costal Capital Corp.
Stephen Martini
Triumph Abstract Inc.
Carmine Cuomo
Ted Doumazios
Group Kappa Corp.
Clear View Abstract LLC.

Date:  November 15 , 2011

Respectfully Submitted

Thomas Kontogiannis.  PRO SE

SUBJECT: E X H I B I I S for D . L . J .
DATE: ~~~~~~~~~ 03:17:13 PM
NOV-15-2011

LIST OF ALL EXHIBIT FILED FOR CONSIDERATION ON THE D L J MATTER.

1) Balance sheet with all moneys paid to Costal Capital Corp. and ASC and Select Services.

2) DLJ's Confirmation Exhibit # 10 in the Federal lawsuit receiving the payments from the servicer.

3) DLJ's confirmation Exhibit # 9 in the Federal lawsuit of all the funding for a total of 45 loans, and overcharging Costal for them 7 million + Dollars over and above the actual price.

4) List of Bank transfers and amounts from Olympicorp International LTD to Costal's Bank accounts for repayment of warehousing loans as agreed.

5) List of Bank transfers and amounts from Greenvale financial corp. to Costal's Bank accounts for repayment of warehousing loans as agreed.

6) Balance sheet and orders of repayment in full for warehousing loans from the Olympicorp Balance account held by Costal.

7) Balance sheet and orders of repayment in full for warehousing loans from the Greenvale balance account held by Costal.

8) Demand NOTE dated on November 22 , 2006 from the owner and president of Costal Capital Corp. guarantying the clearing of any outstanding loans.

PLEASE NOTE THAT ALL EXHIBITS WAS PREPARED AND READY TO BE ENTERED FROM APRIL OF 2009 THE TIME THAT THE FEDERAL LAWSUIT WAS STILL ACTIVE

IEXHIBIT A

TRULINCS  40973053 - KONTOGIANNIS, THOMAS - Unit: DEV-H-A

FROM: 40973053
TO: hamequity@gmail.com
SUBJECT: FWD: Last copy 4/18/09  Balance sheet.
DATE: 4/18/2009 4:50:25 PM

 EXHIBIT 

BALANCE   SHEET
========================

OLYMPICORP  to COSTAL              19.086.171
GREENVALE   to COSTAL              26.433.834
PARKVIEW    to ASC and SELECT       6.849.037
                                 ============
            TOTAL     52.369.142      52.369.142

LOANS  owed  to COSTAL            45.239.779
INTEREST at  7.5% for average
of 165  days                       2.239.369
COSTAL fees for warehousing  2%      904.795
                                 ============
            TOTAL     48.383.943      48.383.943
                                     ============

            OVER  PAYMENT            3.985.199

EXHIBIT ②

αS PER D L J's
Report

| EXHIBITS | | $ 5, 529,651.28 |
| | WIRE | $ 1,190,269.86 |
| | PHONE | $ 129,116.00 |
| PARKVIEW | | $ 6,849,037.14 |
| PAYMENTS DIRECTLY | | |

ONLY 88 LOANS NOT 95 AND ALL PAID
7 LOANS NOT FOUND

D L J'S
EXHIBIT
10 in Federal
Lawsuit



40973053 - KONTOGIANNS, THOMAS - Unit: DEV-H-A

A: 40973053
1amequity@gmail.com
ECT: DLJ 's Funding Of loan's
: 4/18/2009 4:49:42 PM

EXHIBIT # ③

ds PER DLJ's
Fundings in their Paper's
from The Lawsuit
in Federal Cou. &t

FUNDING OF LOANS
======================

n the exhibit's That they Have they claim 95 loan's, But the funding is only for 45 loans.
hey are very slappy and they think that no one it is going to check on it.     DLJ's

95 LOANS and show 45 FUNDINGS for a total of    32.401.882   EXHIBIT ⑨
        WE HAVE
85 LOANS and we show 45 FUNDINGS for a total of   25.094.100   EXHIBIT ⑨
                       ==========
TOTAL OVER CHARGE       7.307.782

have charge Coastal with 32.401.882 for fundings and the loans that they claim that they funded is only 25.094.782 look at
papers in the case that they have file.

TR\_\_INCS 40973053 - KONTOGIANNIS, THOMAS - Unit: DEV-H-A

 EXHIBIT # (4) & (6)

FROM: 40973053
TO: hamequity@gmail.com
SUBJECT: FWD: Tina This is it. At 12.25 pm
DATE: 4/18/2009 4:49:09 PM

| DATE | METHOD | ORIGIN. | IN/OUT DISTINATION | AMOUNT | BANK # |
|------|--------|---------|--------------------|--------|--------|
| 8/5/2004 | TFR | Loring | Olympicorp. Coastal | $1,000,000.00 | North Fork 8562 |
| 12/31/2004 | TFR | Loring | Olympicorp. Coastal | $2,100,000.00 | North Fork 8562 |
| 2/9/2005 | TFR | Loring | Olympicorp. Coastal | $600,000.00 | North Fork 8562 |
| 2/10/2005 | TFR | Loring | Olympicorp. Coastal | $600,000.00 | North Fork 8562 |
| 3/21/2005 | TFR | Loring | Olympicorp. Coastal | $100,000.00 | North Fork 8562 |
| 7/29/2005 | TFR | Loring | Olympicorp. Coastal | $500,000.00 | North Fork 8562 |
| 9/21/2005 | TFR | Loring | Olympicorp. Coastal | $400,000.00 | North Fork 8562 |
| 10/6/2005 | TFR | Loring | Olympicorp. Coastal | $600,000.00 | North Fork 8562 |
| 10/19/2005 | TFR | Loring | Olympicorp. Coastal | $200,000.00 | North Fork 8562 |
| 10/21/2005 | TFR | Loring | Olympicorp. Coastal | $2,000,000.00 | North Fork 8562 |
| 11/2/2005 | TFR | Loring | Olympicorp. Coastal | $1,070,604.81 | North Fork 8562 |
| 11/2/2005 | TFR | Loring | Olympicorp. Coastal | $1,078,925.00 | North Fork 8562 |
| 11/3/2005 | TFR | Loring | Olympicorp. Coastal | $424,700.00 | North Fork 8562 |
| 11/21/2005 | TFR | Loring | Olympicorp. Coastal | $2,052,000.00 | North Fork 8562 |
| 12/9/2005 | TFR | Loring | Olympicorp. Coastal | $800,000.00 | North Fork 8562 |
| 12/27/2005 | TFR | Loring | Olympicorp. Coastal | $480,000.00 | North Fork 8562 |
| 12/30/2005 | TFR | Loring | Olympicorp. Coastal | $2,015,000.00 | North Fork 8562 |
| 1/6/2006 | TFR | Loring | Olympicorp. Coastal | $975,000.00 | North Fork 8562 |
| 1/11/2006 | TFR | Loring | Olympicorp. Coastal | $1,193,500.00 | North Fork 8562 |

$ 18.189.729.81

Plus next page
TOTAL 19,086.171
See Next Page for Balance of TOTAL P
Moneys

TRULINCS 40973053 - KONTOGIANNIS, THOMAS - Unit: DEV-H-A

EXHIBIT # ⑥

FROM: 40973053
TO: hamequity@gmail.com
SUBJECT: FWD: Tina i thing is don please check it out 4-18
DATE: 4/18/2009 4:50:04 PM

BALANCE SHEET OLYMPICORP to COSTAL LOAN #'s

| Date | Amount | Grand Total | Mortgages paid | Date | Amount |
|------|--------|-------------|----------------|------|--------|
| 8-05-04 | 1.000.000 | 1,000.000 | 7166232-7167047 | | |
| 12-31-04 | 2.100.000 | 3.100.000 | 7167039-7167498 | 2-10-05 | 2.085.000 |
| 2-05-05 | 600.000 | 3.700.000 | | | |
| 2-10-05 | 600.000 | 4.300.000 | 7167492-7167497 | | |
| 3-21-05 | 100.000 | 4.400.000 | 7166836-7166832 | | |
| 7-29-05 | 500.000 | 4.900.000 | 7167564 | 7-29-05 | 2.524.000 |
| 9-21-05 | 400.000 | 5.300.000 | | | |
| 10-06-05 | 600.000 | 5.900.000 | 7172574-7172577 | | |
| 10-19-05 | 200.000 | 6.100.000 | 7172575-7172579 | | |
| 10-21-05 | 2.000.000 | 8.100.000 | 7166238-7166436 | 10-21-05 | 2.958.000 |
| 11-02-05 | 1.070.604 | 9.170.604 | | | |
| 11-02-05 | 1.078.925 | 10.249.529 | 7172581-7172582 | 11-02-05 | 946.000 |
| 11-03-05 | 424.700 | 10.674.229 | | | |
| 11-21-05 | 2.052.000 | 12.726.229 | 7180439-7174509 | | |
| 12-09-05 | 800.000 | 13.526.229 | 7174490-7176610 | | |
| 12-27-05 | 480.000 | 14.006.229 | 7170609-7182410 | | |
| 12-30-05 | 2.015.000 | 16.021.229 | 7180317-7180444 | 12-30-05 | 3.800.000 |
| 1-06-06 | 975.000 | 16.996.229 | | | |
| 1-11-06 | 1.193.500 | 18.189.729 | 7182414-7182405 | | |
| 10-05-06 | 173.031 | 18.362.760 | 7183504-7185305 | | |
| 10-05-06 | 63.989 | 18.426.749 | 7185304-7186058 | 01-11-06 | 3.000.000 |
| 10-05-06 | 19.041 | 18.445.790 | | | |
| 10-19-06 | 10.000 | 18.455.790 | 7185638-7186060 | | |
| 10-26-06 | 65.000 | 18.520.790 | 7186645-7173496 | | |
| 11-02-06 | 55.629 | 18.576.419 | 7186647. | 02-07-06 | 2.776.729 |
| 11-02-06 | 79.310 | 18.655.429 | | | |
| 11-21-06 | 119.619 | 18.775.348 | PLUS | | |
| 11-21-06 | 94.949 | 18.870.297 | this | | |
| 11-21-06 | 374 | 18.870.671 | additional | | |
| 11-21-06 | 215.500 | 19.086.171 | Moneys | | |

GRAND TOTAL 19.086.171       TOTAL 18.189.729

# facsimile transmittal

To:      **John Michaels**                    Fax:    **516-931-5005**

From:    **Thomas Kontoglannis**              Date:   **2/10/05**

Re:      **Loans**                            Pages:

Cc:

☐ Urgent      ☐ For review      ☐ Please comment      ☐ Please reply      ☐ Please recycle

John

As per instructions we spoke with the Servicing Department of Select Portfolio about the following loans. They were unable to give us a payoff # for these loans. They said that we can proceed with the satisfactions through the originators because they can not find the files

Use Olympic Account

Please use 2,085,000 from the running balance of deposits to pay off the following loans:

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Bassan, R | 7166232 | 565,000 |
| Hogan, E. | 7167047 | 472,000 |
| Hogan, E | 7167039 | 528,000 |
| Cuoma, C | 7167498 | 528,000 |
| | | 2,085,000 |

We will be marking these loans pas paid as of tomorrow 2/11/05

confidential

# facsimile transmittal

To:      John Michaels                    Fax:     516-931-5005

From:    Thomas Kontogiannis              Date:    7/29/05

Re:      Loans                            Pages:

Cc:

☐ Urgent      ☐ For review      ☐ Please comment      ☐ Please reply      ☐ Please recycle

Please use 2,524,000 from our running balance of deposits from the Olympic Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Rubin, J | 7167492 | 528,000 |
| Cuomo, C | 7167497 | 500,000 |
| Kontogiannis, C | 7166836 | 528,000 |
| Kontogiannis, C | 7166832 | 472,000 |
| Apergis, E | 7167564 | 512,000 |
| Total | | 2,540,000 |

We will be marking these loans as Paid as of tomorrow 7/29/05

*Thomas Kontogiannis*



# facsimile transmittal

| | | | |
|---|---|---|---|
| To: | John Michaels | Fax: | 516-931-5005 |
| From: | Thomas Kontogiannis | Date: | 10/21/05 |
| Re: | Loans | Pages: | |
| Cc: | | | |

☐ Urgent     ☐ For review     ☐ Please comment     ☐ Please reply     ☐ Please recycle

Please use 2,958,000 from our Olympic account to pay off the following loans. I believe this is the payoff amount.

| Name | Coastal # | Original Balance |
|---|---|---|
| Goncalves, A | 7172574 | 455,000 |
| Goncalves A | 7172577 | 455,000 |
| Kontogiannis, G | 7172575 | 450,000 |
| Kontogiannis, G | 7172579 | 445,000 |
| Baussan, R | 7166238 | 568,000 |
| Siegal, R | 7166436 | 600,000 |
| | Total | 2,973,000 |

We will be marking these loans as Paid as of tomorrow 10/21/05



# facsimile transmittal

To: John Michaels

From: Thomas Kontoglannis

Re: Loans

Cc:

Fax: 516-931-5005

Date: 11/02/05

Pages:

☐ Urgent   ☐ For review   ☐ Please comment   ☐ Please reply   ☐ Please recycle

Please take 946,000, the estimated payoff from our account to pay off the following loans.

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Fountis, A | 7172581 | 470,000 |
| Fountis, A | 7172582 | 490,000 |
| Total | | 960,000 |

We will be marking these loans as Paid as of tomorrow 11/03/05

# facsimile transmittal

To: **John Michaels**                    Fax: **516-931-5005**

From: **Thomas Kontogiannis**            Date: **12/30/05**

Re: **Loans**                            Pages:

Cc:

☐ Urgent      ☐ For review      ☐ Please comment      ☐ Please reply      ☐ Please recycle

Please use 3,800,000 from our Olympic Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Michael, M | 7180439 | 485,000 |
| Tserpes, P | 7174509 | 480,000 |
| Kazakos, H | 7174490 | 480,000 |
| Konstandinidis, I | 7176610 | 450,000 |
| Luke, A | 7170609 | 465,000 |
| Hogan, E | 7182410 | 500,000 |
| Tserpes, P | 7180317 | 498,000 |
| Giannopoulos, S | 7180444 | 475,000 |
| | Total | 3,833,000 |

We will show these loans pad tomorrow so we can close the books this year



# facsimile transmittal

To:     John Michaels                          Fax:    516-931-5005

From:   Thomas Kontogiannis                    Date:   1/11/06

Re:     Loans                                  Pages:

Cc:

☐ Urgent    ☐ For review    ☐ Please comment    ☐ Please reply    ☐ Please recycle

Please use 3,000,000 from Olympicorp to pay off the following loans.

|                    |           | Original |
| Name               | Coastal # | Balance  |
|--------------------|-----------|----------|
| Hogan, E           | 7182414   | 514,000  |
| Fountis, A         | 7182405   | 488,000  |
| Loeb, R            | 7183504   | 495,000  |
| Gear, R            | 7185305   | 541,000  |
| Trianjafllidis, L  | 7185304   | 541,000  |
| Jacobs, E          | 7186058   | 565,000  |
|                    | Total     | 3,144,000 |

We will be marking these loans as Paid as of tomorrow1/12/06



# facsimile transmittal

| | | | |
|---|---|---|---|
| To: | John Michaels | Fax: | 516-931-5005 |
| From: | Thomas Kontoglannis | Date: | 2/7/06 |
| Re: | Loans | Pages: | |
| Cc: | | | |

☐ Urgent    ☐ For review    ☐ Please comment    ☐ Please reply    ☐ Please recycle

Please use Olympicorp Funds to pay off the following loans.

| Name | Coastal # | Original Balance |
|---|---|---|
| Tserpes, V | 7185638 | 500,500 |
| Jacobs, E | 7186060 | 572,000 |
| Themis, A | 7186645 | 595,000 |
| Murphy, K | 7183496 | 535,000 |
| Themis, A | 7186647 | 602,000 |
| Total | | 2,804,500 |

We will be marking these loans as Paid as of 2/8/06.

TRULINCS  40973053 - KONTOGIANNIS, THOMAS - Unit: DEV-H-A

-------------------------------------------------------------------------------

FROM: 40973053
TO: hamequity@gmail.com
SUBJECT: FWD: FWD: Greenvale to Coastal
DATE: 4/18/2009 4:49:31 PM

 EXHIBIT # (5) and (7)

| DATE IN | METHOD | ORIGINATION | IN/OUT | DESTINATION | AMOUNT | BANK |
|---------|--------|-------------|--------|-------------|--------|------|
| 10/15/05 | TFR | Loring | Greenvale | Coastal | $8,920,000.00 | Carry over |
| 10/24/05 | TFR | Loring | Greenvale | Coastal | $2,000,000.00 | NFB 47240 |
| 12/9/05 | TFR | Loring | Greenvale | Coastal | $800,000.00 | NFB 47240 |
| 12/20/05 | TFR | Loring | Greenvale | Coastal | $1,199,500.00 | NFB 47240 |
| 1/13/06 | TFR | Loring | Greenvale | Coastal | $1,014,185.00 | NFB 47240 |
| 1/23/06 | TFR | Loring | Greenvale | Coastal | $2,266,750.00 | NFB 47240 |
| 1/23/06 | TFR | Loring | Greenvale | Coastal | $500,000.00 | NFB 47240 |
| 1/27/06 | TFR | Loring | Greenvale | Coastal | $564,400.00 | NFB 47240 |
| 1/27/06 | TFR | Loring | Greenvale | Coastal | $500,000.00 | NFB 47240 |
| 2/23/06 | TFR | Loring | Greenvale | Coastal | $300,000.00 | NFB 47240 |
| 2/28/06 | TFR | Loring | Greenvale | Coastal | $599,650.00 | NFB 47240 |
| 2/28/06 | TFR | Loring | Greenvale | Coastal | $400,000.00 | NFB 47240 |
| 3/1/06 | TFR | Loring | Greenvale | Coastal | $400,000.00 | NFB 47240 |
| 3/9/06 | TFR | Loring | Greenvale | Coastal | $548,650.00 | NFB 47240 |
| 3/21/06 | TFR | Loring | Greenvale | Coastal | $213,144.96 | NFB 47240 |
| 3/21/06 | TFR | Loring | Greenvale | Coastal | $253,605.00 | NFB 47240 |
| 4/3/06 | TFR | Loring | Greenvale | Coastal | $75,000.00 | NFB 47240 |
| 4/3/06 | TFR | Loring | Greenvale | Coastal | $50,000.00 | NFB 47240 |
| 4/5/06 | TFR | Loring | Greenvale | Coastal | $125,000.00 | NFB 47240 |
| 4/6/06 | TFR | Loring | Greenvale | Coastal | $500,000.00 | NFB 47240 |
| 4/17/06 | TFR | Loring | Greenvale | Coastal | $200,000.00 | NFB 47240 |
| 4/19/06 | TFR | Loring | Greenvale | Coastal | $500,000.00 | NFB 47240 |
| 4/28/06 | TFR | Loring | Greenvale | Coastal | $110,000.00 | NFB 47240 |
| 5/4/06 | TFR | Loring | Greenvale | Coastal | $50,000.00 | NFB 47240 |
| 5/8/06 | TFR | Loring | Greenvale | Coastal | $200,000.00 | NFB 47240 |
| 5/9/06 | TFR | Loring | Greenvale | Coastal | $80,000.00 | NFB 47240 |
| 5/19/06 | TFR | Loring | Greenvale | Coastal | $6,500.00 | NFB 47240 |
| 5/24/06 | TFR | Loring | Greenvale | Coastal | $1,341,450.00 | NFB 47240 |
| 6/19/06 | TFR | Loring | Greenvale | Coastal | $250,000.00 | NFB 8562 |
| 7/7/06 | TFR | Loring | Greenvale | Coastal | $1,121,000.00 | NFB 47240 |
| 8/29/06 | TFR | Loring | Greenvale | Coastal | $420,000.00 | NFB 8562 |
| 9/1/06 | TFR | Loring | Greenvale | Coastal | $60,000.00 | NFB 8562 |
| 9/8/06 | TFR | Loring | Greenvale | Coastal | $50,000.00 | NFB 47240 |
| 9/8/06 | TFR | Loring | Greenvale | Coastal | $60,000.00 | NFB 8562 |
| 9/13/06 | TFR | Loring | Greenvale | Coastal | $50,000.00 | NFB 47240 |
| 9/13/06 | TFR | Loring | Greenvale | Coastal | $180,000.00 | NFB 8562 |
| 9/18/06 | TFR | Loring | Greenvale | Coastal | $100,000.00 | NFB 8562 |
| 9/21/06 | TFR | Loring | Greenvale | Coastal | $60,000.00 | NFB 8562 |
| 10/2/06 | TFR | Loring | Greenvale | Coastal | $50,000.00 | NFB 8562 |
| 10/3/06 | TFR | Loring | Greenvale | Coastal | $40,000.00 | NFB 47240 |

TOTAL       26.433.834.96

FRULINCS 40973053 - KONTOGIANNIS, THOMAS - Unit: DEV-H-A

FROM: 40973053
TO: hamequity@gmail.com
SUBJECT: FWD: Tina FINAL GREENVALE
DATE: 4/18/2009 4:48:45 PM

EXHIBIT l#(7)

### BALANCE SHEET GREENVALE to COSTAL LOAN #'s

| Date | Amount | Grand total | Mortgages paid | Date | Balance |
|------|--------|-------------|----------------|------|---------|
| 10-15-05 | 8.920.000 | 8.920.000 | 7186594-7186588-7183510 | | |
| 10-24-05 | 2.000.000 | 10.920.000 | 7186752-7186753-7186757 | 3-01-06 | 3.300.000 |
| 12-5-05 | 800.000 | 11.720.000 | | | |
| 12-21-05 | 1.199.500 | 12.919.500 | 7187047-7188455-7189588 | | |
| 1-13-06 | 1.014.185 | 13.933.685 | 7189565-7188456-7188452 | | |
| 1-23-06 | 2.266.750 | 16.200.435 | 7186609-7183418-7187045 | 6-03-06 | 5.250.000 |
| 1-23-06 | 500.000 | 16.700.435 | | | |
| 1-27-06 | 564.400 | 17.264.835 | 7188974-7189011-7186754 | | |
| 1-27-06 | 500.000 | 17.764.835 | 7186758-7183484-7183495 | | |
| 2-23-06 | 300.000 | 18.064.835 | 7188775-7188776 | 7-29-06 | 4.400.000 |
| 2-28-06 | 599.650 | 18.664.485 | | | |
| 2-28-06 | 400.000 | 19.064.485 | 7189593-7189567-7190281 | | |
| 3-01-06 | 400.000 | 19.464.485 | 7189594-7190282-7189564 | | |
| 3-09-06 | 548.650 | 20.013.135 | 7190620-7190273-7190493 | 9-01-06 | 5.300.000 |
| 3-21-06 | 213.144 | 20.226.279 | | | |
| 3-21-06 | 253.605 | 20.479.884 | 7189418-7191618-7191615 | | |
| 4-03-06 | 75.000 | 20.554.884 | 7191306-7191066-7191305 | | |
| 4-05-06 | 50.000 | 20.604.884 | 7191068-7191065-7191067 | 9-15-06 | 3.650.000 |
| 4-05-06 | 125.000 | 20.729.884 | | | |
| 4-06-06 | 500.000 | 21.229.884 | 7190600-7190961-7190623 | | |
| 4-17-06 | 200.000 | 21.429.884 | 7190491-7190343-7190561 | 9-29-06 | 3.450.000 |
| 4-19-06 | 500.000 | 21.929.884 | | | |
| 4-28-06 | 110.000 | 22.039.884 | 7190497-7190561-7190564 | 10-20-06 | 1.700.000 |
| 5-04-06 | 275.000 | 22.314.884 | | | |
| 5-05-06 | 50.000 | 22.364.884 | | | |
| 5-08-06 | 200.000 | 22.564.884 | | | |
| 5-09-06 | 80.000 | 22.644.884 | | | |
| 5-19-06 | 6.500 | 22.651.384 | | | |
| 5-24-06 | 1.341.450 | 23.992.834 | | | |
| 6-19-06 | 250.000 | 24.242.834 | | | |
| 7-07-06 | 1.121.000 | 25.363.834 | | | |
| 8-29-06 | 420.000 | 25.783.834 | | | |
| 9-01-06 | 60.000 | 25.843.834 | | | |
| 9-08-06 | 50.000 | 25.893.834 | | | |
| 9-08-06 | 60.000 | 25.953.834 | | | |
| 9-13-06 | 50.000 | 26.003.834 | | | |
| 9-13-06 | 180.000 | 26.183.834 | | | |
| 9-18-06 | 100.000 | 26.283.834 | | | |
| 9-21-06 | 60.000 | 26.343.834 | | | |
| 10-02-06 | 50.000 | 26.393.834 | | | |
| 10-03-06 | 40.000 | 26.433.834 | | | |

Grand total    26.433.834

27.050.000

# facsimile transmittal

To:   **John Michaels**

From:   **Thomas Kontoglannis**

Re:   **Loans**

Cc:

Fax:   516-931-5005

Date:   3/1/06

Pages:

☐ Urgent   ☐ For review   ☐ Please comment   ☐ Please reply   ☐ Please recycle

Please use funds from the Greenvale Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Xenos, T | 7186594 | 580,000 |
| Xenos, T. | 7186588 | 580,000 |
| Vitellozze, F | 7183510 | 535,000 |
| Rizzo, G | 7186752 | 504,000 |
| Rizzo, G | 7186753 | 572,000 |
| Abreu, S | 7186757 | 570,000 |
| Total | | 3,341,000 |

We will be marking these loans as Paid as of 3/02/06.

# facsimile transmittal

To:     **John Michaels**

From:   **Thomas Kontoglannis**

Re:     **Loans**

Cc:

Fax:    **516-931-5005**

Date:   **6/3/06**

Pages:

☐ Urgent     ☐ For review     ☐ Please comment     ☐ Please reply     ☐ Please recycle

John

Please we have paid many loans and we still receive mortgage payments from the servicer. Please look into it. We will pay them but we are charging Coastal for it.!!

Also please use funds from the Greenvale Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Sari, X | 7187047 | 572,000 |
| Luka, A | 7187455 | 615,000 |
| Varelas, M | 7189588 | 592,500 |
| Hogan, E | 7189565 | 584,000 |
| Luka, A | 7188456 | 610,000 |
| Giannopoulos, S | 7188452 | 612,750 |
| Concalves, A | 7186609 | 580,000 |
| Vitellozzi, F | 7183418 | 545,000 |
| Sarri, X | 7187045 | 557,700 |
| Total | | 5,268,950 |

These loans will be marking these loans as Paid as of 6/06/06.

# facsimile transmittal

| | | | |
|---|---|---|---|
| To: | John Michaels | Fax: | 516-931-5005 |
| From: | Thomas Kontoglannis | Date: | 7/29/06 |
| Re: | Loans | Pages: | |
| Cc: | | | |

☐ Urgent   ☐ For review   ☐ Please comment   ☐ Please reply   ☐ Please recycle

Also please use $ 4,400,000 in funds from the Greenvale Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|---|---|---|
| Simos. T | 7188974 | 500,200 |
| Simos, T | 7189011 | 601,000 |
| Xenos, T | 7186754 | 580,000 |
| Abreu, S | 7186758 | 500,000 |
| Murphy, K | 7183484 | 532,000 |
| Loeb, R | 7183495 | 500,000 |
| Urena, L | 7188775 | 584,000 |
| Urena, L | 7188776 | 584,000 |
| Total | | 4,400,000 |

These loans will be marking these loans as Paid as of 7/29/06.



# facsimile transmittal

| | | | |
|---|---|---|---|
| To: | John Michaels | Fax: | 516-931-5005 |
| From: | Thomas Kontogiannis | Date: | 9/1/06 |
| Re: | Loans | Pages: | |
| Cc: | | | |

☐ Urgent    ☐ For review    ☐ Please comment    ☐ Please reply    ☐ Please recycle

Please use $ 5,300,000 in funds from the Greenvale Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|---|---|---|
| Rubin, J | 7189593 | 628,000 |
| Simos. T | 7189567 | 610,000 |
| Mejia, R | 7190281 | 573,500 |
| Rubin, J | 7189594 | 575,000 |
| Mejia, R | 7190282 | 620,000 |
| Hogan, E | 7189564 | 619,000 |
| Dipintok, A | 7190620 | 583,200 |
| March, G | 7190273 | 562,500 |
| Karavas, E | 7190493 | 575,000 |
| Total | | 5,346,200 |

These loans will be marking these loans as Paid as of 9/02/06.



To:          John Michaels

From:        Tom Kontogiannis

Date:        9/15/06

Please pay with money from the Greenvale Account to pay off the following loans.

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Rubin, J | 7189418 | 540,000 |
| Sarri, X | 7191618 | 546,750 |
| Sarri, X | 7191615 | 575,500 |
| Xenos, D | 7191306 | 340,000 |
| Xenos | 7191305 | 340,000 |
| Kosiantinidis, I | 7191066 | 340,000 |
| Kosiantinidis, I | 7191065 | 331,500 |
| Dipinto, A | 7191068 | 340,000 |
| Dipinto | 7191067 | 335,750 |
| | Total | 3,689,500 |

These loans will be marking these loans as Paid as of 9/16/06.

To:          John Michaels

From:        Tommy/Nadia

Date:        9/29/06

Please pay with money from the Greenvale Account to pay off the following loans.

|            |           | Original   |
|------------|-----------|------------|
| Name       | Coastal # | Balance    |
|            |           |            |
| Dipinto, A | 7190600   | 568,800    |
| Siegel, R  | 7190961   | 580,000    |
| Siegel, R  | 7190623   | 575,000    |
| Karavas, E | 7190491   | 575,000    |
| Karavas, E | 7190343   | 540,000    |
| Mejia, R   | 7190561   | 585,000    |
|            |           |            |
|            | Total     | 3,423,800  |

These loans will be marking these loans as Paid as of 9/30/06.

Note: Still receiving payment requests from ASC. Please straighten this out, do not want to damage the credit of the people

# facsimile transmittal

To:     John Michaels

From:   Thomas Kontoglannis

Re:     Loans

Cc:

Fax:    516-931-5005

Date:   9/29/06

Pages:

☐ Urgent    ☐ For review    ☐ Please comment    ☐ Please reply    ☐ Please recycle

With all the things that is going on I think I should pay all the loans to Coastal that I have left. I have 3 more loans on my books, but the money that we have with you is not enough, so please pay them with what we have and the balance you can pick up from the Olympicorp account. If I am short I will send it to you shortly. Thanks

| Name | Coastal # | Original Balance |
|------|-----------|------------------|
| Karavas | 7190497 | 540,000 |
| Mejia, R | 7190561 | 585,000 |
| Mejia, R | 7190564 | 503,200 |
| Total | | 1,708,000 |

These loans will be marking these loans as Paid as of 9/30/06.



EXHIBIT  #⑧

## DEMAND NOTE

dated November 22, 2006

from

John T. Michael

Maker

to

Lisa DiPinto

Payee

## DEMAND NOTE

STATE OF NEW YORK, COUNTY OF  Nassau , ss.

November 22, 2006

$12,000,000.00

FOR VALUE RECEIVED, John T. Michael, having an address at 1 Plaza Road, Greenvale, NY 11548, ("Maker"), hereby covenants and promises to pay to Lisa DiPinto, having an address at 12 Woodfield Lane, Brookville, NY ("Payee"), or order, at Payee's address first above written or at such other address as Payee may designate in writing, Twelve Million Dollars ($12,000,000.00), lawful money of the United States of America, which principal shall be payable, without interest, on demand.

Maker covenants and agrees with Payee as follows:

1. Maker will pay the indebtedness evidenced by this Note as provided herein.

2. The holder of this Note may declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable if Maker defaults in the due and punctual payment of any installment of principal or interest hereunder.

3. Maker shall have the right to prepay the indebtedness evidenced by this Note, in whole or in part, without penalty, upon ten days prior written notice to Payee. The installment payments provided for herein shall continue without change after any such prepayment.

4. Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, notice of intention to accelerate maturity, notice of acceleration of maturity, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

5. Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice or demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written. Either party may change its address by like notice to the other party.

6. This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change,

06/04/2008 WON 10:33 FAX/TX NO 8890L [Ø]074

modification, termination, waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of New York.

7. Either party shall have the option to extinguish this note under the following conditions:

a) Maker may extinguish this Note by Transferring TWO THIRDS (2/3) of his remaining Shares of Equity Stock in Clearlight Mortgage Corp. to the Payee.

b) Payee may extinguish this Note by acquiring the lesser of the amount due under this Note or SEVENTY PER CENT (70 %) of the amount paid to the Maker or his heirs and/or assigns that is actually realized by any monetization event of the existing shares of the Makers interest in Clearlight Mortgage Corp.

IN WITNESS WHEREOF, Maker has executed this Note on the date first above

written.

John T. Michael, Maker

Lisa DiPinto, Payee

STATE OF NEW YORK, COUNTY OF ⁀⁀ss⁀⁀ , ss.

On the ℈℈ day of October, 2006, before me, the undersigned notary public, personally appeared John T. Michael, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

My commission expires on

ERIC C. FULANO
Notary Public, State of New York
No. 01FU6593281
Qualified in Suffolk County
Commission Expires July 20, 20 10

STATE OF NEW YORK, COUNTY OF ⁀⁀ss⁀⁀ , ss.

On the ℈℈ day of October, 2006, before me, the undersigned notary public, personally appeared Lisa DiPinto, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

My commission expires on

ERIC C. FULANO
Notary Public, State of New York
No. 01FU6593281
Qualified in Suffolk County
Commission Expires July 20, 20 10

# EXHIBIT "D"

THOMAS KONTOGIANNIS
FEDERAL MEDICAL CENTER
P.O. Box 879 . # 40973053
AYER MA. 01432 USA

December 20 2011

CLERK OF COURTS
Supreme Court Of The State Of New York
County of New York.
60 Centre Street
New York N.Y. 10007

DLJ Mortgage Capital Inc.
Against
Thomas Kontogiannis et,al.
Index No: 104675-2010

Judge : Charles E. Ramos

Dear Clerk of Courts

I have filed, Inter alia, the following documents with your office in compliance with the New York civil Practice Law and Rules, CPLR 2101 and 2102 ,et seq.:

1) November 15, 2011 :  DEFENDANT THOMAS KONTOGIANNIS ' MOTION TO STRIKE OR OPEN IMPROVIDENTLY ENTERED JUDGMENT .

2) November 15, 2011 :  AFFIRMATION OF THOMAS KONTOGIANNIS IN SUPPORT OF HIS MOTION TO STRIKE OR OPEN IMPROVIDENTLY ENTERED JUDGMENT.

Included in each of these filings it was a certificate of service , a proposed Order , and exhibit of facts.

Copies of all filings with cover letters were also send to the Honorable Charles E. Ramos .

The foregoing notwithstanding , I am advised that said filings do not presently appear on the docket.

Further, I have not received any response to said filings, despite my strict compliance with the requirements for service of papers pursuant to CPLR 2103.

At this point, I am requesting that you provide me with a complete copy of the docket entries in this case current to today, and, if for any reason the aforementioned documents do not appear on said docket, I respectfully request that you provide me an explanation as to why same have not been recorded as required by Law.

I would also point out that I have provided you with an extra copy of the aforesaid filings with a self addressed , postage prepaid envelope, requesting that you return to me a time stamped copy. Once again, I have received no response from you and, respectfully request an explanation.

I am currently a prisoner at FMC Devens in Ayer ,Massachusetts . As you might imagine my resources are limited and my access to the courts is unfortunately constrained by my environment. However , I do insist that my filings be promptly recorded by the Clerk's Office in so much as a failing to do so gives rise to some very serious constitutional violations which I would not like to have to bring to the attention of the Federal Courts.

Please provide me with a prompt written response .

Thank you in advance for your kind and immediate attention to my foregoing concerns.

Sincerely

Thomas Kontogiannis

# EXHIBIT "E"

THOMAS  KONTOGIANNIS
FEDERAL  MEDICAL  CENTER
P.O. Box. 879  ( 40973053 )
AYER  MA.  01432  U.S.A.

February 1, 2012

CLERK OF COURTS
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
60 Centre Street
New York N.Y. 10007

DLJ Mortgage Capital Inc.
Against
Thomas Kontogiannis  et, al.
Index No: 104675-2010
Judge:   Charles E. Ramos

Register Mail.
Return receipt requested.

Dear Clerk.

On December 20, 2011 I  mailed you the enclosed correspondence  complaining of a lack of response from you concerning  my previous filings of November 15, 2011.

I now am forced to  complain of your lack of response to my December 20, 2011 correspondence.

It would be unfortunate if I were compelled to file a mandamus action to force you to perform your non-discretionary administrative duties .

I wait your immediate response.

Sincerely
Thomas Kontogiannis.

enclosure.

EXHIBIT   "F"

THOMAS   KONTOGIANNIS
FEDERAL  MEDICAL CENTER
P.O. Box 879  ( 40973053 )
AYER  MA. 01432 U.S.A.

February 1, 2012

DLJ Mortgage Capital Inc.
Against
Thomas Kontogiannis et, al.
Index No: 104675-2010

JUDGE : Charles E. Ramos.

Register Mail - return receipt requested.

Dear Judge Ramos :

Despite sending you courtesy copies on two separate occasions, and despite requesting that my Motion be treated as unopposed, I  have not had a response to my " Defendant Thomas Kontogiannis' Motion to Strike or Open improvidently entered judgment "  and supporting " Affirmation of Thomas Kontogiannis in Support of his Motion to Strike Or Open improvidently Entered Judgment " which was filed on or about November 15 , 2011 .

To date , your Orders adverse to me have been anything  but fair and impartial and , your failure to enter an Order striking or opening the improper and unlawful judgment which has formed the predicate for your inexplicable decisions , only compounds the bias and prejudice my family and I have been  forced to endure .

You may take umbrage at the strident tone of this letter but , since I don't feel that you could possibly treat me anymore unfairly than you have, I don't fear that I might offend you.

In the event that you choose to continue to ignore my filings , I will have no alternative but to seek redress through a judicial review of your inaction by the State Commission on Judicial Conduct for, inter alia " persistent failure to perform ( your ) duties ,"  and for " conduct prejudicial to the administration of justice " .

My family and I deserve  better.

Sincerely

Thomas Kontogiannis.

CC. Daily News : Mr.  Ferrer.
     Fox News  : Mr. Hannidy.
     N.Y. Post  : Mr. Geoff  , and Mr. Lowry

E X H I B I T    " G "

```
INDEX NO: 104675 2010 E        SUPREME COURT , STATE OF NEW YORK    DATE: 01/25/2012
PURCHASE: 04092010                    NEW YORK COUNTY CLERK        TIME: 12:14:13
                                  CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: DLJ MORTGAGE CAPITA    DEFENDANT NAME: HALIFAX GROUP LLC
     ATTORNEY: HAHN & HESSEN L.L.P        ATTORNEY: UNKNOWN
               488 MADISON AVENUE
               NEW YORK, NEW YORK
               1-212 736-1000
SEQ  DATE                 MINUTES
0001 04092010             SUMMONS AND COMPLAINT

0001 04202010             AFFIDAVIT OF SERVICE(6)

0001 07022010             STIPULATION OF ADJOURNMENT

0001 07282010
```



```
                                         NEXT INDEX NUMBER:              /
F2=PRINT   F3=EXIT   F5=VIEW NEXT   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN
```

*printout included*

*All Motions are filed with:*
*RM 119 Motion Support*

OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| ECT /M | PLAINTIFF | VS. | DEFENDANT | YEAR | NUMBER | SEQ | |
|---|---|---|---|---|---|---|---|

BD TRUSTEES NYC DISTRICT COU  V P BUILDERS INC              2010 104676 0001
BD TRUSTEES NYC DISTRICT COU  PRUS KEVIN                    2010 104676 0002
NYC DISTRICT COUNCIL CARPENT  V P BUILDERS INC              2010 104676 0003
PITRE & MCCARTHY              KPMG LLP                      2010 104677 0001
PITRE & MCCARTHY              URRENEX INC                   2010 104678 0001
540 MADISON PARTNERS LLC      TRACER CAPITAL MANAGEMENT     2010 104679 0001

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

EXHIBIT   "H"

THOMAS   KONTOGIANNIS
FEDERAL   MEDICAL   CENTER
P.O.   Box.  879   ( 40973053 )
AYER   MA.   01432   U.S.A.

February  7 , 2012
-----------------------

CLERK OF COURTS                                          DLJ Mortgage Capital Inc.
SUPREME COURT OF THE STATE OF NEW YORK                              Against
COUNTY OF NEW YORK                                       Thomas Kontogiannis  et, al.
60 Centre Street                                        Index No: 104675-2010
New York N.Y. 10007                          Judge:   Charles E. Ramos

Register Mail.
Return receipt requested.

Dear Clerk:

Today I received a " Document list " for  " Index/claim # 104675/2010 which was created on
1/25/2012 at 12:11 pm. The metered stamp thereon is dated 2/3/12  indicating mailing , at the
earliest ,nine days later. I would like to make the following observations.

First , the docket consists of only "17 of 51 pages".
Where are the other 34 pages which reflect filings made  after November 15 , 2010 ! They represent
approximately 15 months of missing filings !

Secondly , there are approximately 250 filing made by several defendant counsel  noted yet, despite
my supposedly being a defendant . ( Pro Se ) in the case, I have never received a single one . Nor , are
there any affidavits of service suggesting that the required service was made upon me except
for the affidavits of J. Amato ( documents 27 and 90 ) which purport to affirm service upon me
although the docket doesn't reflect what was allegedly served. Since I have never receive anything
in this case , much less from Mr. Amato  ( who's affidavit was  required to have been served upon me
personally under the rules )  Please forward me a copy of these affidavits as well as a copy of what was
supposed to  be served so that I may promptly respond to same.

Thirdly , Lack of the two times that I forwarded my documents to you to be filed , I provided you
with an extra copy of each, as well as a self addressed postage pre-paid envelope so that you could
provide me in return with a time stamped copy. That still has not occurred . ( Nor have you provided
me a docket which reflects my filings on or about  November 15, 2011 ).

Fourthly , you included a " civil index inquiry " with nine (9)  highlighted plaintiffs and defendants
sequenced 0001 through 0009 . I am not among them. Since your mail came without a cover letter
or explanation of any kind, I have no idea what significance there is in this document ( which doesn't
identify me as a party). Please explain.

Finally , you have also included a  ' civil index minute  inquiry " with the hand writing  words
print out included " and All Motions are filed with Room 119 Motion support " . Also you have
highlighted the typed words " This case is electronically filed , from the NYS Civil Case information system.
See minutes at : www.nycourts.gov/efile."
Although this cryptic combination is difficult to discern, are you telling me that I can only access
documents which were supposed to be served on me via the internet ? If so , I have two observations .

First , I thought acceptance of electronic service was something to which  I had to expressly agree  ?

Secondly, since I am in a Federal Prison and no Federal prisoners have access to the internet , the Supreme Court has continually made it clear that service upon Pro Se inmates (me) has to be made in person or by certified ( in most cases ) U.S. Mail.  Service cannot be avoided due to my lack of access to an electronic medumin under the Due Process  clause of the U.S. Constitution. Accordingly , to avoid litigation on  this issue , which potentially may involve you and/or your office as a party , kindly have your solicitor address this final matter.

Because time is of the essence and, there appears to be a case to which I am a party which continues to move forward while ignoring me and my filings and effectively , prohibiting my participation, please make this  response immediate so as to avoid further irreparable harm to me.

Thanking  you   for your prompt attention to this matter.

Sincerely

Thomas Kontogiannis.

C. C
HONORABLE: CHARLES E. RAMOS

EXHIBIT   "I"

# County Clerk, New York County

### 60 Centre Street
### New York, N.Y. 10007

To:                              Date 2/28/12

Mr Kontogiannis

We are returning the attached enclosure

letter

Document hist printout

with the following information:

Your letter has landed on my desk. Since the mail clerk's only handle requests for documents after the filing & certain documents. I do not know which documents you are talking about (that you filed & didn't get a copy back.) I also cannot control when the

**NORMAN GOODMAN,**

*County Clerk.*

46-2176

As for your service questions
& Eligibility, I cannot answer
those. I have excluded two
phone # for Motion support.
Here is trial supports
address & phone #

NY Cty Clerk - trial support
60 Centre Street. RM119
New York, NY 10007
646-386-3155

The listing I defendants &
Plantiffs. I included that as phone who
was named in the suit. Please
cannot explain why you are not
listed.

I hope this helps on your quest
to obtain information

NY County Clerk
Mail Clerk

PLAINTIFF NAME: DLJ MORTGAGE CAPITA   DEFENDANT NAME: HALIFAX GROUP LLC
        ATTORNEY: HAHN & HESSEN L.L.P       ATTORNEY: UNKNOWN
                  488 MADISON AVENUE
                  NEW YORK, NEW YORK
                  1-212 736-1000
SEQ  DATE                  MINUTES
001  04092010              SUMMONS AND COMPLAINT


001  04202010              AFFIDAVIT OF SERVICE(6)


001  07022010              STIPULATION OF ADJOURNMENT


001  07282010              THIS CASE IS ELECTRONICALLY FILED, FROM
                           THE NYS CIVIL CASE INFORMATION SYSTEM.
                           SEE MINUTES AT: WWW.NYCOURTS.GOV/EFILE
                                        NEXT INDEX NUMBER:              /
F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN

```
                    V.I.S
                    OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
                              CIVIL INDEX INQUIRY
INVALID KEY ENTERED
SELECT       PLAINTIFF              VS.          DEFENDANT       ----I N D E X-----
I/M                                                             YEAR NUMBER SEQ  E
   DLJ MORTGAGE CAPITAL INC      HALIFAX GROUP LLC              2010 104675 0001 E
   DLJ MORTGAGE CAPITAL INC      EDGEWATER DEVELOPMENT INC      2010 104675 0002 E
   DLJ MORTGAGE CAPITAL INC      LORING ESTATES LLC             2010 104675 0003 E
   DLJ MORTGAGE CAPITAL INC      WASHINGTON TITLE INS CO        2010 104675 0004 E
   DLJ MORTGAGE CAPITAL INC      CHICAGO TITLE INSURANCE CO     2010 104675 0005 E
   DLJ MORTGAGE CAPITAL INC      UNITED GENERAL TITLE INS CO    2010 104675 0006 E
   HALIFAX GROUP LLC             FEDERAL DEPOSIT INS CORP       2010 104675 0007 E
   HALIFAX GROUP LLC             WASHINGTON MUTUAL BANK         2010 104675 0008 E
   PLAZA REAL ESTATE HOLDINGS I  FEDERAL DEPOSIT INS CORP       2010 104675 0009 E
   BD TRUSTEES NYC DISTRICT COU  V P BUILDERS INC               2010 104676 0001
   BD TRUSTEES NYC DISTRICT COU  PRUS KEVIN                     2010 104676 0002
   NYC DISTRICT COUNCIL CARPENT  V P BUILDERS INC               2010 104676 0003
   PITRE & MCCARTHY              KPMG LLP                       2010 104677 0001
   PITRE & MCCARTHY              URRENEX INC                    2010 104678 0001
   540 MADISON PARTNERS LLC      TRACER CAPITAL MANAGEMENT      2010 104679 0001


F3=EXIT  F5=DISPLAY  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN  PrtScn=PRINT
```

2/28/12

1) full Document list included

2) If you want copies | filed documents,
Please see no true dust enclosed

3) For your questions about service $
E filing, please contact: *****
     E filing Department
     60 Centre Street RM 119A
     New York, NY 10007
     Phne: 646-386-3033



## THE COUNTY CLERK AND CLERK OF THE SUPREME COURT

### NEW YORK COUNTY COURT HOUSE

60 CENTRE STREET
NEW YORK, N.Y. 10007
TEL (646) 386-5932

NORMAN GOODMAN
COUNTY CLERK AND CLERK OF
THE SUPREME COURT

DEAR SIR OR MADAM:

THE PROCESS TO RECEIVE DOCUMENTS BY MAIL IS AS FOLLOWS:

1) A LETTER WITH THE FOLLOWING INFORMATION:
      A) INDEX NUMBER
      B) FIRST NAMED PLAINTIFF
      C) FIRST NAMED DEFENDANT
      D) THE NAMES OF THE DOCUMENTS REQUESTED (IF REQUESTING
      ORDERS, PLEASE TRY TO GIVE THE APPROXIMATE DATE
      ESPECIALLY IF MULTIPLE ORDERS ARE FILED IN THE CASE)

2) THERE IS AN $8.00 FEE PER DOCUMENT PAYABLE BY MONEY ORDER,
CASHIERS CHECK OR ATTORNEY/FIRM CHECK MADE OUT TO THE NEW YORK
COUNTY CLERK.

PLEASE BE AWARE THAT:

1) THERE IS A 10 DOCUMENT LIMIT FOR MAIL REQUESTS. FOR A REQUEST FOR
MORE THAN 10 DOCUMENTS, YOU WILL NEED TO COME INTO THE COURTHOUSE
OR CONTACT A LAW SERVICE TO PROCESS YOUR REQUEST

2) PROCESSING TIME IS 6 TO 8 WEEKS MINIMUM, THERE IS NO EXPEDITING
SERVICE AVAILABLE

THANK YOU

E X H I B I T     " J "

THOMAS  KONTOGIANNIS
Federal  Medical  Center
P.O.  Box  879  ( 40973-053 )
AYER   MA.  01432 U.S.A.

April  2,  2012

CLERK OF COURTS                                         DLJ Mortgage Capital Inc.
SUPREME COURT OF THE STATE OF NEW YORK                            Against
COUNTY OF NEW YORK                            Thomas Kontogiannis et,al.
NEW YORK N.Y. 10007                          Index No: 104675  - 2010
Att: The  E-Filing   Department

Dear Sir ;

Enclosed herewith please find a copy of the form notice sent to me by the County and the Supreme
of New York County.

I am an inmate at the Federal Medical Center at Devens in Ayer , Massachusetts I have no possible
access to the internet , much less e - filing.

By requiring me  to do the impossible in order to both defend and vindicate my constitutional rights ,
the Clerk and, the Court are denying me access to the Courts and, equal protection of the law ;
and, a depriving me of  due process as guaranteed to me by the Fifth and Fourteenth Amendments.

My written documents forwarded by mail to the Clerk must be filed with the effective date appearing
thereon. ( See list of documents and dates attached ).

If I do not receive confirmation of such filings within ten (10) days of the date hereof , I will have
no option but to file a mandamus action compelling same.

I trust you will act in conformity with the United States Constitution and the Constitution of the
State of New York and , that I will suffer no further deferment as a result of the Clerk's constitutional
abuse.

Sincerely
Thomas kontogiannis

Enclosure .
C.C. Clerk of the Supreme Court.

## LIST OF DOCUMENTS AND DATES OF FILING

May - 16 - 2011 :: Letter to the Clerk and the Judge Complaining of no service for the case, and information for my address and place for service.

Nov - 15 - 2011 :: Letter to the Clerk , and Copies to the Judge , with the following documents attached for filing.

1) Defendants Motion to Strike or open improvidently enter judgment.

2) Affirmation of Thomas Kontoglannis in support thereof.

3) Proposed Order .

4) Certificate of Service .

5) Exhibit's of Facts .

Dec - 20 - 2011  ::  Register Letter to the Clerk for updates on my filings ,plus a completed copy of all prior documents.            C.C. Judge Ramos

Feb - 1 - 2012  ::  Register letter to the Clerk for updates on filings , and request a complete copy of all filings on the case . C.C. Judge Ramos

Letter to the Judge complaining about not getting any answers on my filings.

Feb - 7 - 2012        Register letter to the Clerk complaining about not receiving any answers from my fillings.

# EXHIBIT   "K"

THOMAS KONTOGIANNIS
FEDERAL MEDICAL CENTER
P.O. Box. 879  (40973053 )
Ayer  Ma.   01432  U.S.A.

April  3, 2012

New  York County Clerk - Trial Support
60 Centre Street   Room   119
New  York N.Y.      10007

RE: DLJ Mortgage Capital Inc. -V-   HALIFAX GROUP  LLC, et,al.
Index   No: 104765 / 2010 E

Dear   N.Y. County  Clerk -Trial Support  :

In response to my letter of 2/7/12 ,  I receive a letter dated 2/28/12 from the N.Y. County
Clerk providing me with a list of all parties in the above - captioned case.  The Clerk indicated
that  he/she "cannot explain" why (I) am  not  listed as a defendant or, why I have never received
any documents in this case.

The Clerk also suggested that the answer to that and the other questions posited in my 2/7/12
letter ( including service , docketing , etc ) could best be answered by you.

My  February  7 ,  2012 correspondence is enclosed for your immediate response . Thank you.

Sincerely

Thomas Kontogiannis

enclosures :   1)   My  2/7/12  letter
              2)  Written note received
              3) List of all Documents Send To be filed.

# E X H I B I T    " L "

# THE COUNTY CLERK AND CLERK OF THE SUPREME COURT

### NEW YORK COUNTY COURT HOUSE
60 CENTRE STREET
NEW YORK, N.Y. 10007
TEL (646) 386-5932

NORMAN GOODMAN
COUNTY CLERK AND CLERK OF
THE SUPREME COURT

DEAR SIR OR MADAM,

THIS CASE HAS BEEN ELECTRONICALLY FILED, THEREFORE WE ARE UNABLE TO FILE YOUR DOCUMENT EITHER BY MAIL OR IN PERSON. WE ALSO DO NOT ACCEPT COURTESY/HARD COPIES.

PER E-FILING RULES, ALL DOCUMENTS IN AN E-FILED CASE MUST BE UPLOADED TO THE E-FILING SYSTEM. FOR MORE INFORMATION YOU MAY CONTACT:

THE E-FILING DEPARTMENT
(646) 386-3033.

THEY ARE LOCATED AT:
60 CENTRE STREET, RM 119
NEW YORK, NY 10007

THANK YOU FOR YOUR COOPERATION!

SINCERELY,

THE NEW YORK COUNTY CLERK
LAW & EQUITY DEPARTMENT

THOMAS KONTOGIANNIS
Federal Medical Center
P.O.  Box 879  ( 40973-053 )
AYER   MA.  01432 U.S.A.

April 2, 2012
--------------------

CLERK OF COURTS
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
NEW YORK N.Y. 10007
Att: The  E-Filing   Department

DLJ Mortgage Capital Inc.
Against
Thomas Kontogiannis et,al.
Index No: 104675 - 2010

Dear Sir ;

Enclosed herewith please find a copy of the form notice sent to me by the County and the Supreme of New York County.

I am an inmate at the Federal Medical Center at Devens in Ayer , Massachusetts I have no possible access to the internet , much less e - filing.

By requiring me  to do the impossible in order to both defend and vindicate my constitutional rights , the Clerk and, the Court are denying me access to the Courts and, equal protection of the law ; and, a depriving me of  due process as guaranteed to me by the Fifth and Fourteenth Amendments.

My written documents forwarded by mail to the Clerk must be filed with the effective date appearing thereon. ( See list of documents and dates attached ).

If I do not receive confirmation of such filings within ten (10) days of the date hereof , I will have no option but to file a mandamus action compelling same.

I trust you will act in conformity with the United States Constitution and the Constitution of the State of New York and , that I will suffer no further deferment as a result of the Clerk's constitutional abuse.

Sincerely
Thomas kontogiannis

Enclosure .
C.C. Clerk of the Supreme Court.

## LIST OF DOCUMENTS AND DATES OF FILING

May - 16 - 2011 :: Letter to the Clerk and the Judge Complaining of no service for the case, and information for my address and place for service.

Nov - 15 - 2011 :: Letter to the Clerk , and Copies to the Judge , with the following documents attached for filing.

      1) Defendants Motion to Strike or open improvidently enter judgment.

      2) Affirmation of Thomas Kontogiannis in support thereof.

      3) Proposed Order .

      4) Certificate of Service .

      5) Exhibit's of Facts .

Dec - 20 - 2011 :: Register Letter to the Clerk for updates on my filings ,plus a completed copy of all prior documents.      C.C. Judge Ramos

Feb - 1 - 2012 :: Register letter to the Clerk for updates on filings , and request a complete copy of all filings on the case . C.C. Judge Ramos

      Letter to the Judge complaining about not getting any answers on my filings.

Feb - 7 - 2012      Register letter to the Clerk complaining about not receiving any answers from my fillings.



# THE COUNTY CLERK AND CLERK OF THE SUPREME COURT
### NEW YORK COUNTY COURT HOUSE
60 CENTRE STREET
NEW YORK, N.Y. 10007
TEL (646) 386-5932

NORMAN GOODMAN
COUNTY CLERK AND CLERK OF
THE SUPREME COURT

DEAR SIR OR MADAM,

THIS CASE HAS BEEN ELECTRONICALLY FILED, THEREFORE WE ARE UNABLE TO FILE YOUR DOCUMENT EITHER BY MAIL OR IN PERSON. WE ALSO DO NOT ACCEPT COURTESY/HARD COPIES.

PER E-FILING RULES, ALL DOCUMENTS IN AN E-FILED CASE MUST BE UPLOADED TO THE E-FILING SYSTEM. FOR MORE INFORMATION YOU MAY CONTACT:

THE E-FILING DEPARTMENT
(646) 386-3033.

THEY ARE LOCATED AT:
60 CENTRE STREET, RM 119
NEW YORK, NY 10007

THANK YOU FOR YOUR COOPERATION!

SINCERELY,

THE NEW YORK COUNTY CLERK
LAW & EQUITY DEPARTMENT

E X H I B I T    " M "

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of NY County Clerk
60 Centre St.
New York, NY 10007

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
COUNTY REC'D
NY NY CL
COUNTY CLERK

B. Received by ( Printed Name )   C. Date of Delivery
FEB

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7004 1160 0006 6940 6172

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE of N.Y. County Clerk
60 Centre Street
New York N.Y. 10007

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
REC'D
COUNTY CLERK

B. Received by ( Printed Name )   C. Date of Delivery
COUNTY

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7004 2890 0000 4108 9501

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-154

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE OF NEW YORK
COUNTY CLERK
CENTRE STREET
NEW YORK N.Y.
10007

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
COUNTY REC'D
NY NY
COUNTY CLERK

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Number
(Transfer from service label)

7009 2250 0003 1263 2811

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
CHARLES ELANOS
Century Court
9
12:3
New York
#17
10007

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Addressed to:
SUPREME COURT - CIVIL
5TH FLOOR SECURITY DESK

Article Number
(Transfer from service label)

7004 1160 0006 6940 6185

Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | .44 |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | | DEC 23 2011 |
| Total Postage & Fees | $ | 5.59 |

Sent To: OFFICE OF NEW YORK COUNTY CLERK
Street, Apt. No.; or PO Box No.: 60 CENTRE STREET
City, State, ZIP+4: NEW YORK N.Y. 10007

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 2.70 |
| Certified Fee | | 2.95 |
| Return Receipt Fee (Endorsement Required) | | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | | APR 3 2012 |
| Total Postage & Fees | $ | 8.00 |

Sent To: THE County Clerk of N.Y. County
Street, Apt. No.; or PO Box No.: 60 CENTRE STREET
City, State, ZIP+4: New York N.Y. 10007 Room 119

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | .45 |
| Certified Fee | | 2.95 |
| Return Receipt Fee (Endorsement Required) | | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.75 |

Sent To: Office of N.Y. County Clerk
Street, Apt. No.; or PO Box No.: 60 Centre Street
City, State, ZIP+4: New York N.Y. 10007

PS Form 3800, June 2002          See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | .45 |
| Certified Fee | | 2.95 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | FEB -7 2012 |
| Total Postage & Fees | $ | 5.75 |

Sent To: Office of NY County Clerk
Street, Apt. No.; or PO Box No.: 60 Centre St
City, State, ZIP+4: New York NY 10007

PS Form 3800, June 2002          See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | .45 |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | | FEB -7 2012 |
| Total Postage & Fees | $ | 5.75 |

Sent To: Honorable CHARLES RAMOS
Street, Apt. No.; or PO Box No.: 60 Centre Street (civil Branch)
City, State, ZIP+4: New York N.Y. 10007

PS Form 3800, June 2002          See Reverse for Instructions

46-501-07

**COUNTY CLERK, NEW YORK COUNTY**
COUNTY COURT HOUSE
60 CENTRE STREET
NEW YORK, NY 10007

ADDRESS SERVICE REQUESTED

0143208757S



FIRST CLASS

UNITED STATES POSTAGE
$ 00.45°
MAILED FROM ZIP CODE

Thomas Kontogiannis
Federal Medical Center
P.O. Box - 879
AYER, MA - 01432
United States

590-7/989

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY COURTHOUSE
60 CENTRE STREET
NEW YORK, NY 10007-1474

U.S POSTAGE PITNEY BOWES

ZIP 10007
02 1W
0001366900 MAY 04 2012

$ 002.70